LORENZ BOMMER, Respondent, v. THE AMERICAN SPIRAL SPRING BUTT HINGE MANUFACTURING COMPANY, Appellant.

Where, in an action upon an oral contract, the statute of frauds is not pleaded, and there is no objection to proof of the contract by oral testimony, or exception to any finding or conclusion which presents any question under that statute, no such question can be considered on appeal to this court.

Where the statute of limitations is set up as a defense, but no point is made in respect to it on the trial, and no exception taken, raising any question under it, no such question can be considered here.

Plaintiff alleged that in January, 1873, he assigned to defendant his interest in an invention, for which a patent had been applied for, in consideration of defendant's agreement to pay a royalty upon all of the patented articles manufactured, that the patent was issued to the defendant and it has manufactured under it. Defendant alleged that it was not organized as a corporation until after the making of the alleged agreement, and proved that a certificate of incorporation was filed after that time. It appeared, however, that when the agreement was made, business was being done by the same parties as those now conducting defendant's business, and in the same corporate name, and that they contracted with plaintiff in the corporate name, that the patent was issued to defendant, after the alleged organization, and that for a time thereafter, defendant paid to plaintiff the royalty agreed upon. *Held*, that it was immaterial whether the organization proved was the first corporate organization or simply a reorganization ; that the corporation had by availing itself of, and acting under, the agreement after such organization, adopted and ratified it and was bound by its provisions.

(Argued April 27, 1880 ; decided September 21, 1880.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of the plaintiff, entered on an interlocutory judgment of Special Term, and the report of a referee upon an accounting had in pursuance of said judgment.

This action was brought upon an alleged contract, which is set forth substantially in the opinion; plaintiff asked for an accounting and for judgment for the amount found due thereon. The facts appear sufficiently in the opinion.

*Elihu Root* for appellant. The contract in suit was void under the statute of frauds. (2 R. S. \*135 ; 12 U. S. Stat. at Large, 249 ; *Packet Co.* v. *Sickles*, 5 Wall. 580 ; *Birch* v. *Earl of Liverpool*, 9 B. & C. 392 ; *Dobson* v. *Espie*, 2 H. & N. 81 ; *Boydell* v. *Drummond*, 11 East, 142 ; *Harris* v. *Porter*, 2 Harr. [Del.] 27 ; *Herrin* v. *Butlers*, 20 Me. 119 ; *Broadwell* v. *Getman*, 2 Den. 87 ; *Plimpton* v. *Curtiss*, 15 Wend. 336 ; *Lockwood* v. *Barnes*, 3 Hill, 128 ; *Day* v. *N. Y. Cent.*

*R. R. Co.*, 31 Barb. 548; *Bartlett* v. *Wheeler*, 44 id. 162; *Weir* v. *Hill*, 2 Lans. 278; 3 Parsons on Contracts, 35, and n.) The judgment is erroneous, because it includes royalty upon hinges manufactured and sold more than six years before the commencement of the action, any right of recovery for which was barred by the statute of limitations. (*Coleman* v. *Second Ave. R. R. Co.*, 38 N. Y. 201, 204; Code of Procedure, § 383; *Davis* v. *Gorton*, 16 N. Y. 255; *Rider* v. *Union India Rubber Co.*, 5 Bosw. 86; *S. C.* affirmed, 28 N. Y. 379; Code of Procedure, § 386; *Albro* v. *Figuera*, 60 N. Y. 630; *Hultslander* v. *Thompson*, 5 Hun, 348.)

*Lewis Sanders* for respondent. Before this court will review the facts, defendant must request a finding in his favor and on a refusal, except thereto, to establish error as matter of law. (*Field* v. *Munson*, 47 N. Y. 223; *Van Slyke* v. *Hyatt*, 46 id. 263; *Caswell* v. *Davis*, 58 id. 229.) Defendants, holding as assignees of the patent, cannot repudiate its terms. By claiming the fruits of the assignment they must bear its burdens, and ratify all the means by which it was obtained. (*Fowler* v. *N. Y. Gold Exchange Bk.*, 67 N. Y. 143; Broom's Leg. Max. 682, m. p.; *Wood* v. *Perry*, 1 Barb. 131; *Chamberlin* v. *Day*, 3 Cow. 353; *Countryman* v. *Boyer*, 3 How. 389.)

RAPALLO, J. There is no exception in the case raising any question under the statute of frauds. The statute is not pleaded, nor was there any objection to the proof of the agreement sued upon, by oral testimony, nor is there any exception to any finding or conclusion which presents any question under the statute. No such question can, therefore, be considered on this appeal.

The statute of limitations was set up as a defense in the answer, but no point appears to have been made in respect to it on the trial, and no exception was taken raising any question under that statute. Had any such point been taken, it is impossible to say that it might not have been met by proofs. The

case must, therefore, be disposed of on its merits and on the exceptions contained in the case on appeal.

The ground of the plaintiff's action as set forth in the complaint is in substance that on the 17th of January, 1863, he assigned to the defendant his interest in an invention, consisting of an improvement in spiral spring butt hinges, together with the patent therefor, which had been applied for. That the nominal consideration for such assignment was $1, but the actual consideration was one cent for each hinge which should be manufactured by the defendant. That the patent was issued, and the defendant has ever since continued the manufacture of plaintiff's said invention under said patent, but has never accounted for or paid over the money accruing under said agreement, except the sum of $10.31, and there is a large sum owing the plaintiff, and an accounting is prayed for.

Various defenses are set up in the answer, which will be noticed hereafter.

The issues having been tried at Special Term, the court found in favor of the plaintiff, and directed an accounting before a referee, which was had, and on his report, finding due to the plaintiff the sum of $1,049.41, judgment was entered for him for that sum, with costs.

The points argued by the appellant on this appeal are, first, that the agreement to pay the royalty was void under the statute of frauds; second, that the judgment is erroneous, because it includes royalty which accrued more than six years before the commencement of the action. These points have already been answered. The third point now raised is that the defendant was not incorporated at the time of the alleged contract. The contract is alleged to have been made on the 17th January, 1863, and the answer sets up that the defendant was not organized until the 26th of August, 1863. The proof upon the trial was that in 1862 the plaintiff entered into the service of the American Spiral Spring Butt Hinge Manufacturing Company, which had its factory in Jersey City and its office in New York, and he afterward became its foreman. That while such, he invented an improvement in the hinge and ap-

plied for letters patent therefor. That negotiations ensued between him and the officers of the company for the purchase of his patent, which culminated on the 17th of January, 1863, in the execution by him of an assignment under seal, bearing that date, reciting the facts, and in consideration of $1 assigning to the American Spiral Spring Butt Hinge Manufacturing Company, the said invention, and authorizing the letters patent, when granted, to be issued to said company as sole assignees of his right thereto. The plaintiff testified that he executed this assignment in consideration of an agreement made at the time by the officers of the company to pay him one cent for every hinge manufactured as long as the patent should run.

The assignment was recorded in the patent office, and by virtue thereof letters patent were, on the 8th of December, 1863, issued to the American Spiral Spring Butt Hinge Manufacturing Company, as assignee of the plaintiff. The company manufactured hinges under the patent, and paid the plaintiff one cent per hinge until March, 1864, when he left its employ.

On the trial, to sustain its defense, the defendant put in evidence a certificate of incorporation filed in the Westchester county clerk's office on the 26th of August, 1863, claiming that this was the certificate under which it was organized, and that consequently it had no corporate existence on the 17th January, 1863, when the agreement with plaintiff was made.

No documentary evidence was put in of any former organization. It simply appeared that the same parties were previously doing business under the same corporate name.

The plaintiff testified that he had no knowledge of this new organization, or of any other company than the one in whose service he entered. The court found that this organization or reorganization was without notice to the plaintiff, and so far as his rights were concerned, colorable only.

Whether this was the first corporate organization of the company, or a reorganization of a former company, is quite immaterial. There can be no question that the company organized in August, 1863, adopted and was consequently bound by the

agreement under which the assignment of the patent was made. The letters patent were issued to and accepted by it in December, 1863, after its organization, and under and by virtue of the assignment made in January. It is apparent that the company had notice of the agreement under which the assignment had been made, and the patent was to be enjoyed, for its officers were the same persons who made the agreement, and the company, after August and until March of the following year, performed its part by paying the stipulated royalty to the plaintiff. Even if not incorporated when the agreement was made, the company, by availing itself of the agreement, enjoying its benefits, and acting under and in part performing it, made it its own as effectually as if it had formally and by resolution adopted and ratified its terms. There can be no question that the defendant is the company which received the letters patent and manufactured the invention described therein, for these facts are expressly admitted in the answer. The letters patent show upon their face that they were issued in pursuance of the assignment from the plaintiff, and there is no merit whatever in the claim that the defendant is not bound by the agreement under which the assignment was made and the use of the patent was to be enjoyed.

The exceptions to the exclusion of testimony relating to what was called the old company are untenable. It is quite immaterial, as has already been said, whether the defendant was the successor of a former company, or an original organization.

The only other point argued is, that the referee erred in allowing double pay for double hinges. The testimony will fairly bear the construction that the royalty was one cent for each hinge, and if two hinges were connected together for any purpose, there is no reason why each should not be paid for.

The judgment should be affirmed with costs.

All concur; FINCH, J., not on bench at argument.

Judgment affirmed.