GEORGE CAMPBELL, Appellant, v. AMERICAN ZYLONITE
COMPANY, Respondent.

The right of every shareholder to his proportion of the profits of a cor-
poration, is a vested individual right, and in the absence of some power,
conferred by statute or by the articles of association, to change the rela-
tive value of shares by giving some a preference over others, as to divi-
dends, the power cannot be implied, and no such change may be made
without the consent of all the shareholders.     .

The rule that a corporation, acting in good faith and without notice of
the rights of others, may treat registered shareholders, as the actual
owners of the shares standing in their names, applies only to such
transactions as are within the express or implied powers conferred upon
the company or its shareholders .collectively, and an assignee of shares
having possession of a certificate, although holding under an unregistered
transfer, is not bound by a contract between the registered shareholder
and the corporation, which is not within such powers.

Where, therefore, after an assignment of a certificate of shares, which
assignment was not registered, all of the other shareholders, together
with the assignor and the corporation, entered into an agreement, giving
certain of the shares, which were surrendered by the shareholders to be
sold to pay the debts of the corporation, priority in dividends over the
other shares, and for the shares retained, new certificates were issued, by
their terms made subject to the agreement and to a first lien on net
profits thereby given to the surrendered shares, *held*, that the agreement
was not binding upon the assignee; and that he was entitled, on sur-
render of the assigned certificate to an unconditional certificate for the
number of shares specified in the certificate assigned.

*Campbell* v. *American Zylonite Co.* (23 J. & S. 562), reversed.

(Argued October 17, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
May 7, 1888, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

This action was brought to procure the transfer by defend-
ant upon its books of certain shares of stock to plaintiff and
the issue to him of a new certificate therefor.

The defendant was incorporated September 10, 1880,
under chapter 40 of the Laws of 1848, and the acts amenda-
tory thereof and supplementary thereto, with a capital of
$750,000 divided into 7,500 common shares of the par value

of $100 each. Of these shares Edwin M. Felt became the owner of 200, one-half of which he held under certificate No. 13, dated September 27, 1880, and the other half under certificates Nos. 62 and 63 dated August 27, 1881, each being for fifty shares. The certificates were in the form following:

"This certifies that * * * is the owner of * * * full paid shares of the Capital Stock of the American Zylonite Company, subject to the by-laws, transferable only by assignment on the back hereof, recorded in the books of said Company, either in person or by attorney and the surrender of this certificate."

On the back of each certificate was printed the usual blank form of an assignment and power to transfer the shares on the books of the corporation. September 29, 1880, Edwin M. Felt executed the blank assignment and power indorsed upon the back of certificate No. 13, the name of the assignee and attorney not being inserted, and May 4, 1885, he delivered the certificate with the assignment thereon so executed to Mr. Gadsden as security for a loan. On the 22d day of May, 1885, the corporation owed $300,000, and for the purpose of paying it all of the shareholders, except Gadsden, and the corporation executed under their hands and seals a contract by which the shareholders agreed to surrender to the corporation without consideration forty per cent of their stock, which amounted to the sum of $300,000, and authorized the corporation to pay upon shares to be issued and sold in the place of those surrendered, ten per cent per annum on the face value of the shares for five years, or such portion thereof as could be paid out of the annual net profits of the corporation. All of the shareholders, including Felt, assigned to the corporation forty per cent of their holdings, Felt's eighty shares being assigned out of those held under certificates Nos. 62 and 63. On the certificates for the 3,000 shares issued under the agreement, was indorsed the following statement: "Issued subject to agreement with stockholders dated May 22, 1885, on file in the Treasurer's office, entitled to first lien on net profits to the amount in such agreement provided. Edw. L. Wood, *Treasurer*."

The shares so issued were sold at par and the debt of the corporation paid. The certificates for the remainder of the shares, except No. 13, were surrendered to the corporation and new ones issued, on which was printed the following indorsement: "Profits assigned." "Issued subject to agreement with stockholders dated May 22, 1885, on file in Treasurer's office, and subject to a first lien on net profits to the amount in such agreement provided. EDW. L. WOOD, *Treasurer.*"

On the 4th of September, 1885, the debt due from Felt to Gadsden not being paid, the latter, pursuant to the terms of the pledge, sold to the plaintiff for $5,050, the shares held under certificate No. 13, delivered to him the certificate and the blank assignment thereon indorsed, in which the name of the plaintiff as assignee was thereafter inserted together with the name of DeB. Wilmot, as attorney, to execute the transfer. October 19, 1885, the certificate so assigned was presented to the defendant, a new certificate demanded, which was refused, and on the next day this action was begun to compel a transfer and the issuance of a new certificate. On the 13th of October, 1886, the defendant tendered to the plaintiff a certificate for 100 shares, on which was indorsed the notice headed "Profits assigned," which was refused. At the trial the contest was whether the plaintiff was entitled to an unconditional certificate, and it was held that he was not, but the certificate not having been tendered until after action brought, it was held that he was entitled to recover six cents damages and costs.

*DeB. Wilmot* for appellant. The plaintiff is entitled to a certificate of stock issued by defendant without the indorsement of the clause subjecting it to the agreement. (*Driscoll* v. *W. B. Mfg. Co.,* 59 N. Y. 109; *Kent* v. *Q. Co.,* 78 id. 159; *Hermann* v. *Maxwell,* 15 J. & S. 347.) The agreement should have been excluded from the evidence. (Code Civ. Pro. §§ 500, 501; *McKyving* v. *Bull,* 16 N. Y. 297; *Wright* v. *Delafield,* 25 id. 266; *Cragin* v. *Lowell,* 88 id. 258, 263; *Queen* v. *Amand,* 9 Ad. & El. 806; *Hyatt* v. *Allen,* 56 N. Y. 553, 557; *Jones* v. *T. H. R. R. Co.,* 57 id. 201; *Hermann* v.

Statement of case.

*Maxwell*, 15 J. & S. 347; *Williams* v. *W. U. T. Co.*, 9 Abb. [N. C.] 445; *Boardman* v. *L. S. & M. S R. R. Co.*, 84 N. Y. 157–177; *Manning* v. *Q. Co.*, 24 Hun, 360–362; *Kent* v. *Q. M. Co.*, 78 N. Y. 159, 180; *Brundage* v. *Brundage*, 60 id. 544.) The defendant company is not bound to fulfill the agreement as to the payment of net profits to the purchasers of the 3,000 shares, and plaintiff, therefore, cannot be compelled to take a new certificate of shares subject to this provision. (*C. C. Co.* v. *Sherman*, 30 Barb. 159; *Barnes* v. *Brown*, 80 N. Y. 535.)

*Chas. Howard Williams* for respondent. The company is bound to recognize the stockholders of record, as having full power to represent the shares held, until transfer is made on its books, and the pledgor of stock has full right to act as a stockholder while his stock is in pledge. (Laws of 1848, chap. 40, §§ 16, 17, 25; 2 R. S. 600; *Ex parte Willcocks*, 7 Cow. 402, 411; *In re Barker*, 6 Wend. 509; *McHenry* v. *Jewett*, 26 Hun, 453; *McNeil* v. *T. N. Bank*, 46 N. Y. 325; Angell & Ames on Corp. § 354; *Bank of Utica* v. *Smalley*, 2 Cow. 770; *Gilbert* v. *M. Co.*, 11 Wend. 627; *Kortright* v. *C. Bank*, 22 id. 362; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 80; *Brisbrane* v. *D., L. & W. R. R. Co.*, 94 id. 204, 207; *N. Bank* v. *Case*, 99 U. S. 628, 631.) The agreement entered into by the stockholders of date May 22, 1885, and approved at a special meeting of stockholders held June 13, 1885, is valid. (*Kent* v. *Q. M. Co.*, 78 N. Y. 159; *S. H. B. Co.* v. *E. H. B. Co.*, 90 id. 607; *P. L. Co.* v. *Green*, L. R. [7 C. P. Div.] 43; *Moss* v. *Averill*, 10 N. Y. 449; *Lorillard* v. *Clyde*, 86 id. 384; *Vansando* v. *M. C. Bank*, 26 Conn. 144; *Williams* v. *Parker*, 136 Mass. 204; *Phillips* v. *E. R. R. Co.*, 138 id. 122; *Vail* v. *Robinson*, 85 N. Y. 453; *City Bank* v. *Bruce*, 17 Fox, 507; *W. R. R. Co.* v. *Jackson*, 77 Penn. St. 321.) The control of the profits on the part of the trustees of the company, contemplated and consented to in the agreement of May, 1885, is one the trustees have the power to exercise. (1 Morawetz on Corp. 420, § 447; *Pratt*

v. *Pratt*, 33 Conn. 446 ; *State* v. *B. R. R. Co.*, 6 Gill, 363 ; *Kernes* v. *R. R. R. Co.*, 4 Abb. Pr. [N. S.] 104 ; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1 ; *P. P. C. Co.* v. *M. R. Co.*, 115 U. S. 287 ; *People* v. *N. R. S. R. Co.*, 27 N. Y. S. R. 284 ; *Boardman* v. *L. S. R. Co.*, 84 N. Y. 157 ; *Jermain* v. *L. S. R. Co.*, 91 id. 483 ; *Manning* v. *Q. Co.*, 24 Hun, 360 ; *Hyatt* v. *Allen*, 56 N. Y. 553.) The action of the stockholders and of the trustees at their meetings on June 13, 1885, in directing the issue of certificates in the future show-ing the terms and effect of the agreement that day consum-mated, is in strict accordance with the law and by-laws. (Laws of 1848, chap. 40, §§ 3, 7, 8 ; 1 Morawetz on Corp. 462, 467, 499 ; *People* v. *Peck*, 11 Wend. 604 ; *C. Ins. Co.* v. *Holmes*, 68 Mo. 601 ; *Boardman* v. *L. S. R. R. Co.*, 84 N. Y. 157, 171 ; *Blake* v. *Griswold*, 103 id. 429.) The company had no knowledge of the pledge of Felt's stock until after the action of June 13, 1885. Although Felt was secretary, notice to him was not notice to the company. (1 Morawetz on Corp. 510 ; *Port Jervis* v. *F. N. Bank*, 96 N. Y. 550 ; *W. N. Bank* v. *Irons*, 8 Fed. Rep. 19 ; *Miller* v. *I. C. R. R. Co.*, 24 Barb. 313 ; *D. W. Co.* v. *D. W. Co.*, 20 Fed. Rep. 699 ; 1 Morawetz on Corp. § 234.)

FOLLETT, Ch. J. The rights and powers arising out of the ownership of corporate shares are those which belong to their owners as individuals, to be enjoyed and exercised in severalty, and those which are collective and are exercised in common with all of the shareholders pursuant to the powers conferred by the statute under which the corporation is organized, or by its articles of association. The right to sell shares is a personal one, and so is the right to grant or withhold assent to change their relative value. The right to vote in corporate elections, and to assent to mortgaging the property of manufacturing cor-porations are collective, to be exercised in common with other shareholders and in the mode prescribed by the statute or by the articles of association. The articles of association divided the capital of the corporation into 7,500, shares, equal in amount and

value. At the date of the agreement of May 22, 1885 (by which it was provided that 3,000 of the shares should have priority over the remaining 4,500), all of the shares save twenty had been sold, and were then registered in the names of their purchasers. The right of every shareholder to his proportion of the profits of the corporation was vested, and in the absence of some power to change the relative value of the shares conferred by statute or by the articles of association, no change could be made without the consent of all the shareholders. (*Kent* v. *Quicksilver Mining Co.,* 78 N. Y. 159.) It is insisted by the defendant that the consent of Edwin M. Felt, a registered shareholder, was binding on Gadsden, his assignee, who held certificate No. 13 under an unregistered assignment, and to support its contention it relies on the rule that a corporation acting in good faith and without notice of the rights of others may treat registered shareholders as the actual owners of the shares standing in their names. This rule is only applicable to such transactions as are within the express or implied powers conferred upon the company or its shareholders. Collective or corporate powers common to all stockholders may usually be exercised by a registered shareholder, though he has assigned all of his shares, and his action will bind his assignee holding under an unregistered transfer and all others. These powers being conferred on corporations and their shareholders, purchasers are bound to know that they may be exercised by their assignors until the transfers are registered in their names. But the assignees of shares having possession of the certificates, though holding under unregistered transfers, are not bound by contracts between the registered shareholder, the corporation and all other shareholders which are not within the express or implied powers of corporations, or of their shareholders. As between the assignor and the assignee the unregistered assignment was not void under the 25th section of chapter 40 of the Laws of 1848. (*Johnson* v. *Underhill,* 52 N. Y. 203.) It follows that the change in the relative value of the shares which this corporation and its registered shareholders sought to effect was not within the

express or implied powers conferred upon the corporation or shareholders, and that their action is not binding upon this plaintiff, who is entitled to an unconditional certificate for one hundred shares.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur except VANN, J., dissenting.

Judgment reversed.