ALICE A. ELYEA, in Behalf of herself and Others, Appellant, *v.* LEHIGH SALT MINING COMPANY et al., Respondents, Impleaded with Another.

CORPORATIONS — WHEN PLEDGEE OF STOCK CANNOT MAINTAIN ACTION TO SET ASIDE SALE OF CORPORATE PROPERTY. Where a corporation under its charter has power, with the consent of stockholders, to change the nature of its business, and it is provided therein that "every person who shall pledge his stock as collateral security may nevertheless represent the same at all meetings and may vote accordingly as a stockholder," a pledgee of stock, which remains in the name of the pledgor upon the books of the company, cannot maintain an action to set aside a sale of the corporate property authorized by an agreement between all of the stockholders, including the pledgor, and also authorized by the directors, although the agreement was not made at a formal meeting called for the purpose, the sale having been made in good faith, without notice of the pledge, and provision having been expressly made for the discharge of the corporate debts and obligations.

*Elyea* v. *Lehigh Salt Mining Co.*, 45 App. Div. 231, affirmed.

(Argued October 31, 1901; decided December 10, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 9, 1899, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward A. Washburn* and *George Bowen* for appellant. By the delivery of the certificate of stock of the Lehigh Salt Mining Company, assigned in blank by D. J. Bissell to the plaintiff as collateral security for a loan of $4,000, made by the plaintiff to him, plaintiff became in law the assignee of the shares having possession of the certificate. And although the transfer was unregistered on the books of the company plaintiff was not bound by the contracts entered into by Bissell with the corporation and the other shareholders, and, hence, as to her, the agreements are void and of no effect. (*Campbell* v. *A. Z. Co.,* 122 N. Y. 455; *Abbot* v. *A. H. R. Co.,* 33 Barb. 578; *People* v. *Ballard,* 134 N. Y. 269.) The acts of Fuller and the Lehigh Salt Mining Company being void as to the plaintiff, she has her remedy by repudiating their transactions which ignored her rights, and as far as may be through the agency of the courts set aside the entire transaction and to follow and recover the assets of the corporation in the hands of the Retsof Company. (*Abbot* v. *A. H. R. Co.,* 33 Barb. 578; *Titus* v. *Prest., etc., G. W. T. Road,* 5 Lans. 250; *Erwin* v. *O. R. & N. Co.,* 62 How. Pr. 490; *Possot* v. *Byers,* 40 Cal. 614; *Taylor* v. *Earle,* 8 Hun, 1; *Copeland* v. *C. G. L. Co.,* 61 Barb. 60; 1 Potter on Corp. § 100; Wait on Insol. Corp. 82.) It was not necessary to make a demand on the corporation to bring this action before the plaintiff could sue. (*Brinckerhoff* v. *Bostwick,* 88 N. Y. 56; *Sage* v. *Culver,* 147 N. Y. 241; *Robinson* v. *Smith,* 3 Paige, 233.)

*Henry B. Twombly* and *William B. Putney* for respondents. The Retsof Mining Company was a purchaser in good faith and without notice that the plaintiff was a pledgee of stock. Its acts were legal. (*H. & G. Mfg. Co.* v. *H. & W.*

*M. Co.*, 127 N. Y. 252; *Skinner* v. *Smith*, 134 N. Y. 240.)
There is no cause of action shown against the defendant Fuller
individually. (*Skinner* v. *Smith*, 134 N. Y. 240; *Kent* v.
*Quicksilver M. Co.*, 78 N. Y. 187; 2 Thompson on Corp.
§ 2624.) The fact that the plaintiff did not consent to the
transaction set forth in the complaint is immaterial. The
pledging by Bissell of the 200 shares of stock with the plain-
tiff did not deprive him of his rights and powers as a member of
the corporation, nor did it invest her with any rights or powers
as a member of the corporation. (*Matter of Barker*, 6 Wend.
509; *Ex parte Willcocks*, 7 Cow. 402; *Vail* v. *Hamilton*, 85
N. Y. 453; *McHenry* v. *Jewett*, 26 Hun, 453; Morawetz on
Corp. § 483; *Bowman* v. *Hoffman*, 47 N. Y. S. R. 487;
Cook on Stock & Stockh. § 468; *O. T. Co.* v. *Bunnell*, 6
Conn. 552; *Butterworth* v. *Kennedy*, 5 Bosw. 148.)

GRAY, J.   The plaintiff brings this action, alleging herself
a stockholder of the Lehigh Salt Mining Company, to have
set aside a transfer made of its properties to the defendant,
the Retsof Mining Company, and for other equitable relief
incidental thereto, and the legal question is whether, upon the
facts, she, not having been a registered holder of the shares of
stock, but merely an assignee thereof, has any standing to
maintain such an action. The Lehigh Salt Mining Company
was organized under the laws of the state of New Jersey and
was engaged in this state in the corporate business of mining
and marketing rock salt. Bissell was the registered holder of
200 shares of the capital stock and pledged the same to the
plaintiff, as collateral security for the payment of a loan of
$4,000; assigning and delivering to her his stock certificate,
which, however, was never transferred out of his name upon
the books of the company. The company was the owner of
tracts of land and had constructed an extensive plant in build-
ings and railroads, in this state; but its business became
unprofitable, from competition and from other causes, and an
agreement was made and entered into by all of the stock-
holders of record, whereby Fuller, who was the business

manager, was authorized, as their attorney in fact, to contract for the sale and transfer of their stock ·and of the corporate property. It provided for a *pro rata* distribution of the proceeds of the sale, after the corporate debts and obligations were discharged, and it bound the signers by Fuller's acts in dealing with their rights and interests as stockholders. In pursuance of this agreement and of the authority of the directors, Fuller sold and delivered the stock and the greater part of the corporate properties to the defendant, the Retsof Mining Company, a corporation of this state, and received, in payment of the contract price, bonds and stock of that company. He appropriated the bonds and a part of the stock to the discharge of corporate debts and obligations, as authorized, and to the acquisition of certain other salt mining companies, for consolidation purposes, as had been further agreed to by all of the stockholders of record, and of what stock remained in his hands, he tendered to Bissell the proportionate part due him as one of the selling stockholders. Bissell had not taken it, and neither he, nor the plaintiff, had requested Fuller for the delivery of the stock.

The above facts were found by the referee; who, also, found that Fuller had acted in good faith and that by the laws of the state of New Jersey, under which the Lehigh Salt Mining Company was incorporated, it was, among other things, provided that the stockholders might, by a vote of two-thirds in interest, change the nature of the corporate business; that corporate shares should be transferable upon the company's books; that whenever any transfer · of shares was made for collateral security, the same should be expressed in the entry of the transfer and that " every person who shall pledge his stock as ·collateral security may, nevertheless, represent the same at all meetings and may vote accordingly as a stockholder."

If the sale of the corporate properties had been resolved upon at a formal meeting of the stockholders, called for the purpose, there would have been no question about its validity. Not only was a change in the nature of the business authorized

by the New Jersey statute to be made; but it was competent, with the consent of its stockholders, for the corporation to sell its properties and to retire from the conduct of its business. (*Holmes & Griggs Mfg. Co.* v. *Holmes & Wessell Metal Co.*, 127 N. Y. 252.) Certainly, what the stockholders might have done by the requisite vote, at a formal meeting, they might do by agreement between themselves, to which the assent of every one was obtained. They were the corporation and the proprietors of the corporate interests, and, acting collectively, no action of a formal nature could be more binding in disposing of corporate properties. It made the company chargeable with the agent's act and cured any defect in his authority in performing the act. (Morawetz on Private Corporations, § 623.) The debts and obligations of the corporation were expressly provided for and there was no one entitled to complain. The transaction was not one which came under the condemnation of the law; for it was neither prohibited, nor did it touch the public interests in violating any public policy of the state. (*Kent* v. *Quicksilver Mining Company*, 78 N. Y. 159, 186.)

The plaintiff insists that, notwithstanding the transfer of the stock to her was unregistered on the books of the company, she was not bound by a contract, which was not within the express, or implied, powers of the corporation. The contract and the acts performed under it were, however, competent for the stockholders to authorize, within the statute and the rules of law, and the assent of all was given, who appeared to the public to be such. The plaintiff is in no position to object. The statute, under which the company was organized, recognizes only the pledgor of stock, when it still remains registered in his name on the books, as being competent to vote at corporate meetings and it follows, if his acts in that form would be binding, that a contract with third persons entered into by him, in union with the other stockholders, will be binding upon his pledgee and assignee. (*Campbell* v. *Am. Zylonite Co.*, 122 N. Y. 455, 460; *Palmer* v. *C. H. Cemetery*, 122 ib. 429, 435; *Treadwell* v. *Salisbury Mfg. Co.*, 7 Gray, 393, 405.)

The Retsof Company, with which the transaction was had, was entitled to look to the stockholders of record and to rely upon that evidence of the title to the shares of stock. It is, also, a general rule that an equitable assignment of shares of stock does not effect a novation of membership, nor place the assignee in privity with the other shareholders, until a formal transfer has been executed. Until a transfer out of his name, the stockholder of record is to the world the owner of the stock and the assignee must abide by his action in the management of corporate affairs. The plaintiff is bound, as far as the Retsof Company is concerned, by Bissell's action in assenting to the sale of the property to that company. Whatever her rights against him, or against Fuller, who appears to have been notified of the assignment to her of the stock, they are not involved in this action; which seeks to avoid the sale to the Retsof Company as being illegal and of no effect as to plaintiff. It does not comprehend relief not incidental to, or following upon, the avoidance of the sale of the property complained of.

The judgment should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.