PACKER & KLEIN, INC., Respondent, *v.* I. FRANK & SONS, INC., Appellant.

Supreme Court, Appellate Term, First Department, October, 1922.

**Corporations — agreement to assume debt of one of its stockholders incurred before incorporation — evidence.**

Plaintiff claims an indebtedness from defendant. Defendant in its answer counterclaims that prior to the incorporation of plaintiff it had dealings with one of its two stockholders who had overcharged the defendant in a certain transaction; that the plaintiff in consideration of defendant agreeing to continue business with it assumed the indebtedness of its subsequent stockholder. Upon the trial defendant sought to prove the assumption agreement as pleaded but the proof was excluded on the theory that the agreement was made prior to the incorporation of plaintiff. *Held*, error; that the corporation, having adopted the contract made by one of two of its subsequent stockholders, who had transacted business in its name before its incorporation, could not accept the benefits of this agreement and repudiate its obligation.

APPEAL by defendant from judgment of the City Court of the city of New York, entered on verdict for plaintiff and from order denying motion for new trial.

*Jacob L. Holtzmann (William M. Kurtz*, of counsel), for appellant.

*Shaine & Weinrib (Edward C. Weinrib*, of counsel), for respondent.

GUY, J. Plaintiff claimed an indebtedness from defendant of $638.95. Concededly upon an accounting between the parties

prior to the beginning of the action it was agreed that the liability of the defendant for $500 of the total alleged indebtedness should be submitted to arbitration. As to the balance of $138.95 which defendant claimed was not owing to plaintiff it was also conceded that upon the same accounting an allowance of that amount had been made by plaintiff; but plaintiff contended that prior to the agreement to arbitrate as to the $500 plaintiff allowed the deduction of $138.95 in consideration of defendant's immediate payment of the balance of the entire bill including the $500, and as defendant did not make immediate payment the credit should not be given. There was no actual arbitration as to the $500 item.

As the obligation of the defendant with respect to the so-called allowance of $138.95 was submitted to the jury under proper instructions and upon evidence which authorized their finding for the plaintiff, the only question for consideration upon the appeal is as to defendant's liability for the $500 portion of the claim.

Defendant set up in its answer the counterclaim that prior to the incorporation of plaintiff the defendant had dealings with Packer, one of the two stockholders of plaintiff corporation; that Packer had overcharged defendant in such transactions to the amount of $500; that the plaintiff corporation, in consideration of defendant agreeing to continue its dealings with the plaintiff, assumed any indebtedness of Packer to defendant. The proofs show that the corporation assumed to start business in July, 1921; that the machinery was purchased and a lease of the place of business in the name of the corporation was taken in that month, but because of the illness of the attorney having charge of the incorporation the incorporation was not actually effected until after August 4, 1921, Packer and Klein, the only persons interested, meanwhile carrying on business under the corporate name with their joint, individual bank account.

Defendant's counsel sought to prove by the testimony of defendant's president the assumption agreement as pleaded, but the proof was excluded for the reason that as the alleged agreement was made prior to the incorporation of the plaintiff the testimony was inadmissible, and the only question submitted to the jury, as above stated, was as to the right of the plaintiff to recover the item of $138.95.

Although the corporation is a legal entity, distinct and separate from its stockholders, where the two persons who are the subscribers to and subsequent owners of all of its stock had actually begun business in the corporate name and made the agreement relied upon by the defendant, and the corporation itself subsequently knowingly accepted the benefit of the contract, the evidence

was admissible on the theory that the corporation adopted the contract made by Packer and Klein, for it could not accept the benefits of the arrangement and repudiate the incident obligation, as claimed, on the assumption of the individual indebtedness, if any, of the stockholder Packer. *Bommer* v. *Am. Spiral, etc., Hinge Manuf. Co.,* 81 N. Y. 468; *Hall* v. *Herter Bros.,* 83 Hun, 19.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment reversed.