ROSENTHAL v. EMPIRE BRICK & SUPPLY CO. .

·(Supreme Court, Appellate Division, First Department. January 17, 1908.)

**1. SALES—CONTRACT—CONSTRUCTION—PERFORMANCE.**

Defendant proposed to furnish plaintiff all the brick required for certain specified houses at the market price guaranteed not to exceed $9.50 per 1,000, it being understood that defendant would require about 3,000,-000 brick to complete the operation, all the brick to be received by plaintiff before December 1, 1905. *Held*, that such proposal, being accepted, constituted a mutual contract between the parties, binding defendant to deliver all the brick required by the date specified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 39–43.]

**·2. SAME—BREACH OF CONTRACT—MEASURE OF DAMAGES.**

Where defendant breached a contract requiring delivery of brick necessary to complete certain specified operations by December 1, 1905, the measure of damages was the difference between the contract price and the market price of such brick as defendant failed to deliver at the time and ·place of delivery, and it was therefore error to permit plaintiff to wait a reasonable time after the contract date for the completion of deliveries, ·defendant having previously refused to make further deliveries under the ·contract, before buying the additional brick required, and recover the difference between the contract price and the price plaintiff was then required to· pay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1174–1179.]

Appeal from Appellate Term.

Action by Joseph Rosenthal against the Empire Brick & Supply ·Company. From a determination of the Appellate Term (104 N. Y. Supp. 769), affirming a judgment of the New York City Court in favor ·of plaintiff, in an action for breach of contract of sale, defendant appeals. Modified, and affirmed on condition.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-LIN, CLARKE, and SCOTT, JJ.

Benjamin H. Edsall (Wm. C. Beecher, of counsel), for appellant.

Walter J. Rosenstein, for respondent.

CLARKE, J. The question involved arises out of an alleged breach of contract for the sale and delivery of brick. The contract was in writing, and the material part thereof is as follows:

"We propose to furnish you all the masons' materials required for the construction of seven houses on the S. S. of 134th street, 100 feet west of Amsterdam avenue, this city, all to be delivered at the following prices and conditions: Hard brick at the market price, guaranteed not to exceed $9.50 per M. * * * It being understood that you will require about three million brick to complete the operation, and that all the hard brick will be received by you before December 1st, 1905."

As we interpret this contract, it required performance before December 1, 1905. The contract was in the shape of a proposal by the defendant "that all the hard brick will be received by you before December 1st, 1905," accepted by the plaintiff. If, then, before December 1st the defendant had tendered and the plaintiff had refused to receive the brick, it is clear that the plaintiff would have breached the contract, and the defendant would have had a cause of action to recover damages therefor. The premises under this contract were mutual. If the plaintiff was bound to receive, the defendant was bound to deliver. By the middle of November a large amount of the brick required had been delivered. The plaintiff some days prior to December 1st demanded the brick necessary to complete the construction of the seven houses he was erecting. The defendant failed to deliver. The plaintiff wrote that, if for any reason the defendant could not deliver before said date, he would take the brick thereafter at the price agreed on. The defendant not only failed to deliver before December 1st, but refused to deliver thereafter unless the plaintiff would enter into a new written contract at an advanced price. This the plaintiff refused to do. The breach, then, occurred on December 1st, the date the plaintiff was required to receive and the defendant was required to deliver. Upon breach of a contract for the sale of merchandise at a fixed price, the general rule is that the measure of damages is the difference between the contract price and the market value at the time and place of delivery. Stecker v. Coal Co., 116 App. Div. 772, 102 N. Y. Supp. 89; Atlas Portland Cement Co. v. Hopper, 116 App. Div. 445, 101 N. Y. Supp. 948; Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982. There was a market value for brick on December 1, 1905. It was $11 a 1,000, and so continued until the 20th of the month. Indeed, the defendant offered to deliver all the brick that plaintiff required at this price. The value subsequently rose, and when the plaintiff bought 243,000 brick at the end of December and the 1st of January the price was $13.50 per 1,000. The recovery was upon that basis, namely, the difference between $13.50 and $9.50 per 1,000, amounting to $850.50. The learned court applied the rule which obtains in actions for conversion of stock. It charged:

"If the defendant was then chargeable with a breach of its contract, and you find that fact, then the plaintiff was required within a reasonable time after the breach of contract to go into the open market and buy the brick at the best price he could."

And it submitted to the jury what was a reasonable time. It seems to us that the wrong measure of damage was applied, and that the true

rule was, as stated supra, the difference between the contract price and the market value at the time and place of delivery.

The determination will therefore be reversed and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the judgment to $425.25, with interest and costs. If so stipulated, the judgment will be modified accordingly, and affirmed, without costs in this court to either party. All concur.

INGRAHAM, J. (concurring). The defendant agreed to furnish the plaintiff with all the masons' materials required for the construction of certain houses which included hard brick at the market price, guaranteed not to exceed $9.50 per 1,000; it being understood that the plaintiff would require about 3,000,000 brick to complete the operation, and that "all the hard brick will be received by you [plaintiff] before December 1st, 1905." I think this was an absolute agreement to deliver all brick required for the construction of the houses irrespective of time; the defendant being under no obligation to deliver all the brick prior to December 1st, but only such as should be required for the construction of the houses as the work proceeded. To protect the defendant, however, the plaintiff was bound to receive the brick before December 1st. This was a provision in the proposal submitted by the defendant and accepted by the plaintiff which was clearly for the benefit of the defendant and a condition which he could waive by not delivering or tendering the brick before that time. It was not, therefore, as I view it, necessarily a breach of the contract because the defendant neglected to deliver a portion of the brick before December 1st. By a failure to deliver or tender the full amount of 3,000,000 brick before December 1st the defendant waived this provision; the obligation, however, still existing. When, however, the defendant refused to furnish brick after December 1st except at an increased price, I think there was then a breach of the contract by the defendant which entitled the plaintiff to maintain an action for the damages sustained thereby; and undoubtedly, if such an action had been commenced immediately after December 1st, the plaintiff would have been entitled to recover the difference between the market value of the brick on December 1st and the contract price. The plaintiff, however, was not bound to treat it as a breach, but was entitled to consider the contract as existing and enforce it according to its terms. I agree with Mr. Justice CLARKE that, as on December 1st both parties treated the contract as broken, it was then the duty of the plaintiff to reduce his damages as much as possible by purchasing the amount of brick that he would require within a reasonable time, and not wait until the end of January or February, when, in consequence of the close of navigation, the price of brick always advanced. The position of the defendant was unequivocal; it repudiating any obligation to furnish additional brick after December 1st. Plaintiff then knew he would be compelled to procure brick elsewhere, and had information as to the amount of brick he would require. It seems to me, therefore, that within a reasonable time after the defendant's breach he should have made such a contract or procured the brick from others at the then market price, and the defendant would be liable for the difference between the market price at the

time plaintiff procured the brick and the contract price which the plain- ·
tiff was to pay.

I therefore concur with Mr. Justice CLARKE in the conclusion at:
which he has arrived.