## SECOR v. ARDSLEY ICE CO.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. CONTRACTS (§ 10*)—UNILATERAL PROVISIONS—VALIDITY.

A contract to purchase a retail ice business, which provided that the buyer would purchase from the seller all the ice that he would use in the continuance of the business at $2 per ton, is not invalid, in that the purchaser did not agree to sell ice at $2 per ton, where the contract was carried out and complied with for four years, and that was the evident intention of the parties as gathered from the whole contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 39, 40; Dec. Dig. § 10.*]

2. PAYMENT (§ 88*)—RECOVERY—WAIVER OF CONTRACT RIGHTS.

By a contract a buyer of a retail ice business was entitled to receive from the seller ice at $2 per ton. The seller thereafter charged $4 per ton, and, upon the buyer protesting in writing, the seller repudiated the contract. The buyer, not being able to purchase elsewhere, received the ice, paid the price demanded, under protest, and then sued to recover the difference between the contract price and the price demanded. *Held*, that the rights of the parties were still governed by the contract.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 288–290; Dec. Dig. § 88.*]

3. TRIAL (§ 177*)—DIRECTION OF VERDICT—MOTION OF BOTH PARTIES.

Where, on motion of both parties for a directed verdict, the court grants a direction of the. verdict, but reserves decision as to whom he shall direct it for, and takes the briefs of the parties, and. the defendant acquiesced in the proposition of the court by requesting that he might file a brief, and judgment was entered by the court for plaintiff after the jury were discharged and after the term of court had expired, the judgment would not be set aside, though it was error to direct the verdict after the term.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

4. COSTS (§ 164*)—EXTRA ALLOWANCES—DIFFICULT CASE.

A cause of action to recover the difference between the contract price of ice and the price which plaintiff was compelled to pay defendant on his repudiation of the contract, the rights of the parties depending on the construction of the contract, is not such a difficult and extraordinary case as to justify the granting of an extra allowance.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 620–636; Dec. Dig. § 164.*]

Appeal from Trial Term, Westchester County.

Action by H. Secor against the Ardsley Ice Company. From a judgment for plaintiff, entered on a directed verdict, and from an order denying a new trial, defendant appeals. Judgment modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

Samuel Roberts Taylor, for appellant.

Wilson Brown, Jr., for respondent.

WOODWARD, J.   On the 1st day of May, 1902, the plaintiff entered into a written contract with the defendant for the purchase of a retail ice business in the villages of Dobbs Ferry, Ardsley, Hastings, and Irvington for a consideration of $2,500.   In connection with this purchase, and as a part of the contract, the plaintiff, as party of the second part, agreed—

"to and with the party of the first part to purchase from said party of the first part all the ice that he will use in the continuance of said retail business * * * at two dollars ($2.00) per ton, during the continuance of the lease of the party of the first part with Drexel, Morgan & Co. for Woodlands, provided the said term shall not extend beyond January 1, 1907, and provided, always, that the said party of the first part shall have such quantities of natural ice for delivery to the party of the second part as shall be necessary for him in his said retail business, and the party of the first part shall have the option of delivery of said natural ice to the party of the second part for his said retail business, at either the icehouses at Woodlands Lake, or the siding of the New York & Putnam Railroad at Ardsley station, in the village of Dobbs Ferry, and the said party of the second part shall pay for said natural ice delivered under this agreement on Tuesday of each week."

It was further agreed on the part of the party of the first part that it would not engage in the ice business in the villages named during the continuance of the agreement.   This contract not only recited a consideration, but it was under seal, and the contention of the defendant that it is invalid because of the alleged fact that the defendant did not agree to sell the ice at $2 per ton is without merit.   The plaintiff entered into possession of the plant of the defendant in the villages named under the contract.   For four years the defendant delivered ice to the plaintiff for his retail business at the rate of $2 per ton, the plaintiff duly paid for the same at that price, and a careful reading of the contract, in its entirety, forces the conclusion that this was exactly what the parties contemplated, and what they have expressed.   In 1906 ice advanced in price.   The defendant delivered ice to the plaintiff and sent him a bill at $4 per ton.   The plaintiff protested in writing, asserting his contract.   The defendant repudiated the contract. The plaintiff tried to get ice elsewhere, but found he could not purchase it as cheaply as of the defendant.   Still insisting on his contract, and paying all bills under protest, the plaintiff purchased ice of the defendant during the year, and then brought this action to recover for the breach of the contract; and he has a judgment for the difference between the contract price which he agreed to pay and the price which he was compelled to pay.

The principle involved is too well established to require discussion, and the rights of the parties depend wholly upon the contract.   Laroe v. Sugar Loaf Dairy Co., 180 N. Y. 367, 373, 73 N. E. 61.   The contract, as we have already suggested, is a valid contract between the parties.   It was conceded that the contract between the defendant and Drexel, Morgan & Co. was in force at the time; and, were it not for

a question arising upon the disposition of the case, we should be content to leave the matter upon the opinion of the learned court at Trial Term.

When defendant rested, defendant's counsel moved for the direction of a verdict, stating various grounds. Plaintiff's counsel likewise moved for the direction of a verdict. With both these motions pending the court said:

"I will direct a verdict, and take your briefs as to how the verdict should be directed, whether for the defendant or for the plaintiff. In other words, I will direct a verdict now; but whether it shall be for the plaintiff or the defendant I will determine after reading your briefs."

The jury was then discharged, and on the 30th of March, subsequent to the end of the term at which the case was tried, the learned trial justice wrote a memorandum and directed a verdict for the plaintiff for the full amount demanded, with an additional allowance of 5 per cent. thereon. It is now urged by the defendant that the court could not direct a verdict after the jury had been dismissed and after the close of the term, and this is probably technically correct; but where both parties move for the direction of a verdict, and neither party asks to go to the jury on any question of fact, there is, in effect, an agreement that the court may determine the facts and the law, as though the jury had been waived in the first instance, and the mere form of the verdict, in a case where the plaintiff was either entitled to recover the full amount claimed or nothing, is not important. Both parties acquiesced in the proposition of the court, which, it is claimed and not denied, was at the request of defendant's counsel that he might submit a brief, and it would be a perversion of justice to now permit the result to be disturbed because of any mere irregularity.

We are persuaded, however, that this was not such a difficult and extraordinary case as to justify the granting of an extra allowance, and the judgment should be modified, by striking out this provision, and, as so modified, the judgment and order appealed from should be affirmed, without costs. All concur.