**130**   Reeves, Inc., *v.* Fulton Market Refrig. Co.

Supreme Court, November, 1918.          [Vol. 105.

George H. Reeves, Inc., Plaintiff, *v.* Fulton Market Refrigerating Company, Defendant.

(Supreme Court, Kings Trial Term, November, 1918.)

Contracts — implied agreement — counterclaim.

> Where in an action to recover for goods sold the receipt thereof is admitted, but defendant counterclaims for damages alleged to have been suffered because of the failure of plaintiff to furnish the goods as needed during the remainder of the year, and it appears that there was a general understanding as to the quantity wanted or to be furnished and the business of previous years was based on the fact that plaintiff had furnished all like goods that defendant's established business had required, and defendant had purchased from plaintiff all such goods that it had used in its business, the case comes within the rule that an accepted offer to furnish goods as shall be needed by the established business of the acceptor during a limited time, is binding and may be enforced because of the implied agreement of the acceptor that it will purchase such goods.

Action upon a contract.

Charles A. Hitchcock (Horace L. Cheyney, of counsel), for plaintiff.

Cornell, Lockwood & Jeffery (John L. Lockwood, of counsel), for defendant.

Van Siclen, J. The plaintiff, a manufacturer of packing cases, has sued the defendant for the price of cases furnished to the defendant during the first half of 1917. The defendant admits receiving the cases claimed for but counterclaims for damages it is alleged to have suffered by reason of the failure of the plaintiff to continue to furnish it with cases as needed during the remainder of the year. For several years

previous to 1917 the defendant had purchased from the plaintiff all the cases used in its business and had paid for same according to the quotation or proposal made to it by the plaintiff at the commencement of the year and to be effective for the ensuing year. The service afforded by the plaintiff during previous years consisted of making and delivering such cases as defendant had ordered according to the needs of his business and the business relations of the parties had been satisfactory.

On January 3, 1917, the plaintiff sent the following communication to the defendant:

Gentlemen.—We beg to offer for your kind approval, the 1917 prices of cases, same quality and service as we have furnished you for the past three years.

" Regulars  ..............................   42 c.
" Fresh waters  ..........................   34½ c.

" We trust the above prices will be satisfactory and we may be favored with a continuance of past pleasant business relations.

" Respectfully,

" Geo. H. Reeves, Inc.

"Accepted by Fulton Market Refrigerating Co.

" S. M. Beeten,

" *Treasurer.*

"Accepted by Geo. H. Reeves, Inc.

" H. S. Babbage."

The business of previous years had been based on proposals similar in all respects to this. Prior to the dispatching of the January 3, 1917, proposal, plaintiff's manager had inquired as to the estimated needs of defendant for 1917 and was told that its requirements would exceed somewhat those of 1916 which had been about 20,000 cases. Plaintiff continued sup-

plying the defendant as requested at the quoted prices until June 29, 1917, when defendant notified plaintiff that deliveries were not being made as promptly as before; that defendant's orders were not being filled; that its needs were not being met and that it had been compelled to purchase cases in the open market at considerably increased prices. The notification also informed plaintiff what defendant's immediate needs would be. Thereupon plaintiff notified defendant that it would not continue the service, but advanced no reason for the refusal. The real reason evidently was a general increase in market prices. During the remaining six months of the year, plaintiff filled no orders for defendant and the defendant was compelled to purchase about 12,000 cases in the open market and its counterclaim for damages consists of the difference between the prices paid and the plaintiff's quotation of January 3, 1917.

The plaintiff contends that the proposal of January third with its acceptance constitutes merely an accepted offer and not a binding contract; that the offer became binding only in so far as it was supplemented by specific orders actually executed and beyond that there was no mutuality. It is claimed that the defendant was not bound thereby to purchase any definite quantity of cases and that therefore it cannot be held liable to furnish any definite quantity. Standing alone the proposal of January third is hardly sufficient to establish a contract binding on the plaintiff throughout the whole of 1917, but considered in the light of the parties' previous relations and the various surrounding circumstances as established by competent extrinsic evidence adduced upon the trial the controversy falls in line with those cases where there was an accepted offer to furnish such goods as shall be needed by the established business of the

acceptor during a limited time. Such an agreement is binding and may be enforced because it contains the implied agreement that the acceptor will purchase from the offerer all the articles that its business shall require during the period in question. *Wells* v. *Alexandre,* 130 N. Y. 642; *Coal Blast Transportation Co.* v. *Kansas City Bolt & Nut Co.,* 114 Fed. Repr. 77; *East* v. *Cayuga Lake Ice Line,* 21 N. Y. Supp. 889; *Golden Cycle Mining Co.* v. *Rapson Coal Mining Co.,* 188 Fed. Repr. 183; *Lima Loco. & M. Co.* v. *National Steel Castings Co.,* 155 id. 79; *T. B. Walker Mfg. Co.* v. *Swift & Co.,* 200 id. 529; *Fisher* v. *Hobbs,* affd., by App. Div. First Dept. Nov. 9, 1918; *Rosenthal* v. *Empire Brick & Supply Co.,* 123 App. Div. 503; *Loudenback Fret. Co.* v. *Tennessee Phosphate Co.,* 121 Fed. Repr. 300; *Manhattan Oil Co.* v. *Richardson Lub. Co.,* 113 id. 925; *Secor* v. *Ardsley Ice Co.,* 133 App. Div. 136; affd., 201 N. Y. 603.

An accepted offer to sell goods at specified prices during a limited time in such amounts or quantities as the acceptor may want or desire in his business or without any statement of the amount or quantity is held to be without consideration and void, because the acceptor is not bound to want, desire or take any of the articles contemplated. *American Cotton Oil Co.* v. *Kirk,* 68 Fed. Repr. 791; *Crane* v. *Crane & Co.,* 105 id. 869.

Under such contracts accepted orders constitute sales at prices named, each order or sale constituting a separate contract. The case at bar seems to fall within the first mentioned rule, however, because there was a general understanding as to the quantity wanted or to be furnished and the business of previous years was based on the established fact that plaintiff had furnished all the cases that defendant's established business had required, and defendant had purchased

of plaintiff all the cases that it had used in its business.

Pursuant to the stipulation of the parties, therefore, a verdict or judgment is directed in favor of the plaintiff for $251.53, the difference between defendant's counterclaim and the amount conceded to be due the plaintiff at the time of the breach.

Judgment accordingly.