### 17599. HARRIS v. TEXAS COMPANY.

STEPHENS, J. 1. Where, after a seller under an executory contract of sale has breached the contract by a refusal to deliver the goods at the contract price, the purchaser buys the goods from the seller at a higher price demanded, the purchaser does not thereby waive the seller's breach of the contract, if the purchaser is unable to purchase goods of a similar character elsewhere at the contract price; and where, if the purchaser fails to purchase goods of the seller, the seller may, by the terms of another contract between him and the purchaser, cancel the latter contract to the detriment of the purchaser's business, and it is therefore essential to the purchaser's business interests that he accede to the seller's demand and purchase the goods only from the seller, and where at the time of paying the advanced price he does so under protest and asserts the seller's breach of the contract, the purchaser does not by such conduct waive the seller's breach of the contract, and the rights of the parties are still governed by the contract. Secor v. Ardsley Ice Co., 133 App. Div. 136 (117 N. Y. Supp. 414). American Brewing Co. v. City of St. Louis, 187 Mo. 367 (86 S. W. 129, 2 Ann. Cas. 821).

2. The purchaser, after having purchased from the seller at the advanced price, may sue to recover from the seller the difference between the contract price and the price at which the purchaser bought.

---

Sales, 35 Cyc. p. 125, n. 42; p. 186, n. 69, 73; p. 261, n. 75; p. 615, n. 15; p. 623, n. 8; p. 632, n. 20; p. 641, n. 97, 3.

3. The petition set out a cause of action and was improperly dismissed on demurrer.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1927.

Action for breach of contract; from city court of Savannah—Judge Rourke. June 26, 1926.

*Stephens & Stephens,* for plaintiff.

*Adams & Adams,* for defendant.