EDWARD MARTIN, Respondent, *v.* THE NEW YORK LIFE INSURANCE COMPANY, Appellant.

*The modification of a salary does not make a yearly contract — release by letter from an existing contract — a subsequent disavowal of any intention to release the employer, ineffective.*

Upon the trial of an action brought to recover a salary alleged to be unpaid, it was shown that the plaintiff, on July 1, 1881, was engaged by the defendant at the rate of $5,000 a year, to take charge of its real estate, and that this rate of compensation was, from time to time, increased, finally to $10,000 per annum. When the salary was increased to $10,000 a year the plaintiff asked for $15,000 from January 1, 1884, and was told that he would be given $10,000 a year without further mention of the time of the commencement of the term.

*Held,* that there was no original hiring for a year and that the subsequent modification of the agreement as to the rate of compensation did not make a yearly contract from the date of the raising of the salary.

A person employed as a real estate agent was notified by a letter dated April thirteenth, that his services would not be needed after the thirtieth of that month, and on the next day such person wrote to his employer, acknowledging the receipt of such letter, and saying, " I accept your ultimatum. I regret that you have shunned me, but, I presume, your motives were good. With my best wishes for the prosperity of the New York Life (his employer) and that your management may be crowned with success." He subsequently wrote another letter to the effect that he did not mean to release his employer from the payment of the salary for the remainder of the year and offered to perform the duties of the position after April thirtieth.

*Held,* that the effect of the first letter was to release both parties from the obligation of an existing entire contract, if one did exist; and that the last letter and offer did not reinstate the original relations of the parties, as such reinstatement must have been established, if at all, by mutual agreement.

APPEAL by the defendant, the New York Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 17th day of June, 1893, upon a verdict in favor of the plaintiff for $6,952.90, directed by the court after a trial at the Westchester Circuit.

*Wm. B. Hornblower* and *James Byrne,* for the appellant.

*James M. Hunt,* for the respondent.

BARNARD, P. J.:

The cause of action of the plaintiff is based upon an averment that he was employed by the defendant for the period of one year from the 1st of January, 1892, and that the defendant, without legal excuse or cause, discharged him from the performance of the services. The defendant denies the contract for the year stated, and avers that the employment was terminated by mutual consent on the 30th of April, 1892, and that the services up to that time were fully paid and satisfied.

The proof shows that the plaintiff, in 1881, was employed to take charge of the real estate of the defendant " at the rate of five thousand a year." The employment commenced on July 1, 1881. Before January, 1883, the plaintiff asked for an increase of salary. This was agreed to, and a salary in excess of the rate of $5,000 a year was begun in February, 1883, and dated from January 1, 1883. This salary was $6,500. From the 1st of January, 1884, it was increased to the " rate of $10,000." Such salary was continued at that rate up to the 30th of April, 1892, when the employment terminated. The salary was paid monthly. When the increase of salary was made up to $10,000 a year, the plaintiff asked for $15,000 from the 1st of January, 1884, and the reply was, we will give you $10,000 a year without further mention of the time of the commencement of the term. There was no original hiring for a year, and the subsequent modification as to the rate of compensation did not make a yearly contract from the date of the raising of the salary.

The case further shows that on the 13th of April, 1892, the defendant sent a letter to the plaintiff, in these words :

"*April* 13, 1892.

" EDWARD MARTIN, Esq.,

          " 346 Broadway, City :

" DEAR SIR — Acting in conjunction with the finance committee, in the determination to reduce the expenses of this Company, I have to notify you that your services will not be needed after April 30th inst.

          " Respectfully yours,

                    " JOHN A. McCALL, *President.*"

On the next day, April 14, 1892, the plaintiff replied as follows :

          " NEW YORK CITY, *April* 14, 1892.

" JOHN A. McCALL, Esq.,

          " *President New York Life Insurance Co. :*

" DEAR SIR — Your favor of the 13th inst. received.   I accept your ultimatum.   I regret that you have shunned me, but, I presume, your motives were good.   With my best wishes for the prosperity of the New York Life, and that your management may be crowned with success, I remain

          " Respectfully,

                    " EDWARD MARTIN."

The effect of these letters was to release both parties from the obligation of an existing entire contract, if one did exist.   The plaintiff was bound to serve and the defendant to pay for the services.   The agreements were mutual and the letters left each party free, after the 30th of April, 1892, from all performance under the contract.   The subsequent letter, that the plaintiff did not mean to release the defendant from the payment of the salary for the remainder of 1892, and the offer to perform after April 30, 1892, did not reinstate the original conditions of the parties.   Such a reinstatement must be established by a mutual agreement.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.