(7 Misc. Rep. 543.)

### CASSIDY et al. v. ALDHOUS.

(Common Pleas of New York City and County, General Term. March 7, 1894.)

CONTRACTS—RESCISSION BY PARTIES.

> Plaintiffs, who had filed a mechanic's lien against defendant's premises, released it on the promise of defendant to give a note for the amount claimed. Afterwards defendant refused to give the note, and told plaintiffs that they might put the lien back again, which they did. *Held*, that the agreement for the note in consideration of the release was rescinded by mutual consent. 27 N. Y. Supp. 267, affirmed.

Appeal from city court, general term.

Action by Patrick Cassidy and I. Richard Adler against Frederick K. Aldhous. From a judgment of the city court (27 N. Y. Supp. 267) affirming a judgment of nonsuit, plaintiffs appeal. Affirmed.

The action was to recover the value of plumbing materials to the amount of $540.30 from the defendant, through Pearse & Thornton, from whom, it was alleged, he retained the money to pay the plaintiffs, and agreed to do so. The answer was a general denial. The complaint was amended by setting up an agreement of defendant to give the plaintiffs his note for $500 on condition that they satisfy a mechanic's lien which they had filed for said materials, their compliance with the condition, and his refusal to perform his agreement.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

T. C. Ennever, for appellants.
W. E. Benjamin, for respondent.

PER CURIAM. When the plaintiffs rested, they had failed to prove any authority in Pearse & Thornton to purchase goods on de-

fendant's credit, so that their sole claim of his liability rested upon the agreement set up in the amendment to their complaint. The proof showed that defendant agreed to give a note for $500 if the plaintiffs removed their lien; that they did discharge the lien; and that defendant subsequently refused to give the note, and told the plaintiffs that they might put the lien back again, which they did, and filed it against his property. It thus appeared that the agreement for the note in consideration of the removal of the lien was rescinded by mutual consent, and the lien restored. This disposed of the alleged cause of action under the amendment, and the complaint was properly dismissed. It is urged by appellant that defendant ratified the purchase by Pearse & Thornton by the agreement to give the $500 note, but the evidence showed that, when he agreed to give the note, he refrained from acknowledging any liability for the goods. Judgment affirmed.