(7 Misc. Rep. 674.)

### MARSCHALL et al. v. EISEN VINEYARD CO.[1]

(Common Pleas of New York City and County, General Term. April 2, 1894.)

CONTRACTS—ACCEPTANCE OF OFFER.

    An absolute acceptance of an offer in its exact terms is indispensable to the formation of a contract.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by August Marschall and others against the Eisen Vineyard Company for damages for breach of contract. From a judgment of the city court (21 N. Y. Supp. 468) affirming a judgment entered on a verdict in favor of plaintiffs, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John B. Adger Mullally, for appellant.

Gibson Putzel, for respondents.

PRYOR, J. The action is for damages for breach of an executory contract to sell a car load of sherry. The answer denies the contract; and whether there was a valid contract is the question for decision. To the validity of the contract, a memorandum of its terms was requisite under the statute of frauds; and such memorandum, the plaintiffs contend, is furnished by the following series of telegrams between the parties: On June 27th, the plaintiffs, in New York, wired the defendants, in San Francisco: "Will you ship us one or two carloads of sherry?" On June 28th, the defendants answered: "Can furnish one, perhaps two, cars sherry, at fifty-two and a half cents per gallon, including cooperage, against thirty days' acceptance,"—to which, on June 29th, plaintiffs replied: "At prices quoted, former terms, you can ship 2 cars by Sunset route." On June 30th, defendants wired: "Price is net $52\frac{1}{2}$ cts. without any rebate. If you understand it that way, answer." On July 1st, plaintiffs replied: "If you cannot do better, will accept your terms and price. Ship Sunset, one dollar rate." Finally, on July 5th, defendants telegraphed: "Cannot accept your order for sherry. Parties holding refusal of sherry before arrival of your order have taken it." It is elementary law that to the constitution of a contract the consent of the parties is indispensable; and the consent must be to the same thing, at the same time,—consensus ad idem. Broom, Comm. 252; Bish. Cont. § 313; Pol. Cont. 400. So that "a mere offer, not accepted, involves no concurrence of wills, and can never

[1] Leave to appeal denied. See 28 N. Y. Supp. 1144.

constitute a contract." Bish. Cont. § 321. And, "though there is an acceptance, if it is not to the exact thing offered, or if it is accompanied by any conditions or reservations, however slight, in t me or otherwise, no contract is made. It is the same where new terms are introduced. They constitute an offer on the other side, and leave the question open." Id. § 323. These fundamental principles in the formation of contracts suffice to determine whether an obligatory engagement between the parties to the action was consummated by the above correspondence. The direction as to the mode of shipment may be laid out of view, as not an element of the supposed contract. Manifestly, an obscurity lurks in the words "former terms," in the telegram of June 29th. What terms? Clearly, the parties had in mind previous conditions in bargains between them; and these "former terms" nowhere appear in the correspondence. The telegram of the 28th, reciting the quantity of sherry to be sold, the price, and the time and method of payment, embodies all the essential stipulations of a contract of sale; and yet, in purporting to accept the offer, the plaintiffs interpolate the further condition that their acceptance is dependent also on "former terms." What those terms may be is not indicated by the defendants' reply, which merely restates the price by a more explicit expression; nor by plaintiffs' response, which accepts "terms and price." Nor, again, is it possible to collect from the correspondence whether the sale was of one or two car loads of sherry. The plaintiffs' offer was to buy one or two car loads. The defendants' offer was to sell one, perhaps two, car loads. The correspondence fails to disclose that the parties finally agreed on the sale of one car load,—the contract on which the judgment was recovered. The fact that the complaint contains a count for two car loads of sherry as well as for one is a concession that even yet the plaintiffs have not definitely accepted either alternative of the offer. Again, in the telegram by which the plaintiffs claim that they closed and consummated the contract, they say: "If you cannot do better, will accept your terms and price." Not in the definition of lexicographers only, but in popular apprehension as well, "if" is "a word which introduces a conditional clause; supposing; provided." Stormonth, Cent. Dict., and all others. Plainly, a promise by one to another, if the other will do a certain thing, is not absolute, but conditioned that the other do the thing. In saying, "If you cannot do better, I will accept your offer," the plaintiffs referred the matter back to the defendants for reconsideration, suspending, meanwhile, their acceptance of the offer. The construction would be different had the plaintiffs said: "As you will not do better, I accept your offer." At this point the defendants withdrew the offer, and hence no agreement was perfected between the parties. A reversal of the judgment is the necessary consequence. Judgment reversed, and new trial ordered; costs to abide the event. All concur.