SIDNEY GLASS WORKS, Respondent, *v.* A. S. BARNES & COMPANY, Appellant.

*Contract by letter — offer and acceptance must concur — rescission of the contract — counterclaim of damages for articles not furnished.*

Where the negotiations for a contract are conducted by letter the acceptance of an offer must exactly meet the offer ; any qualification or restriction in the acceptance will amount to a rejection of the offer.

A proposition was in this form : "The following is about the quantity of glass we will need from January 1st, 1893, to January 1st, 1894.   If we should not use this number (of bottles) in the given time we will order from you until the quantity is exhausted ; and if we should need any more we trust you will be able to fill our orders."   The corporation to which this proposition was made replied by letter that they had entered the order, to be delivered "between January 1st, 1893, and January 1st, 1894," and then added : " We do not think there will be any difficulty whatever in keeping you supplied at all times and of giving you even more than you have asked for, if you will give us any reasonable opportunity to make ready for you."

*Held,* that this was not an unqualified acceptance of the defendant's order, and that there was no contract.

After part performance of the agreement it was rescinded by mutual consent, at the request of the party requiring the bottles, who promised to pay for all that were then actually manufactured.   Afterwards the corporation brought an action for the goods sold, and the defendant interposed a counterclaim based

upon the fact that it had been compelled to purchase the goods which it required during the term of the contract of other manufacturers, and that many of the bottles actually delivered by the plaintiff were broken and otherwise unmarketable.

*Held*, that, as the defendant had refused to permit the further performance of the contract, the plaintiff was entitled to recover the value of the goods actually furnished, and without deduction.

APPEAL by the defendant, A. S. Barnes & Co., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 10th day of October, 1894, upon the report of a referee.

The action was brought to recover the value of certain bottles furnished to the defendant by the plaintiff. The defendant interposed a counterclaim upon the ground that because of the plaintiff's failure to perform its contract the defendant had been compelled to purchase bottles of other parties, and that many of the bottles actually delivered by the plaintiff were broken and otherwise unmarketable.

*Wagner & Fisher*, for the appellant.

*James R. Baumes*, for the respondent.

MARTIN, J. :

This action was brought to recover the value of a quantity of glass bottles furnished by the plaintiff to the defendant.

The answer interposed, so far as material to the questions involved upon this appeal, was, that the defendant made a contract with the plaintiff to furnish it (the defendant), between the 1st of January, 1893, and the 1st of January, 1894, about 5,450 gross of bottles as they should be needed by it; that the bottles for which this action was brought were delivered in pursuance of that contract, but that the plaintiff neglected to deliver the remainder of the bottles so agreed to be furnished when called for or within a reasonable time after they were ordered, and thereby failed to perform the contract upon its part. And an affirmative judgment was demanded against the plaintiff for the sum of $243.47.

It was conceded on the trial that the defendant had had the number of bottles for which this action was brought, and the undisputed

proof was that they were of the value claimed, except that portion which was broken.

The learned referee found that the value of the bottles delivered to the defendant was the sum of $766.70; that the defendant had paid thereon the sum of $122.22; that the defendant was entitled to be credited for the breakage of the bottles so shipped, which amounted to the sum of $168.87; that the broken bottles were not accepted by the defendant; that the plaintiff was entitled to recover $495.61, and awarded judgment accordingly.

The most important question raised upon this appeal is whether there was a contract between the plaintiff and the defendant by which the plaintiff agreed to furnish the defendant 5,450 gross of glass bottles. There was no such contract unless contained in the letters which passed between the defendant and a firm to whose rights the plaintiff has succeeded. Passing, for the present, the suggestion that the plaintiff was not liable upon a contract not made with it but with such firm, the question is presented whether the correspondence which passed between the original parties was sufficient to constitute a contract for the sale of the number of bottles mentioned.

The appellant relies mainly upon two letters to establish the contract; one written on December 5, 1892, by the defendant to the plaintiff's predecessor, and the other written by the plaintiff's predecessor to the defendant on the 6th of December, 1892. An examination of the correspondence which preceded these letters shows that the parties had been negotiating for some time in regard to the manufacture for and sale to the defendant of such bottles as it should require for its business, and the plaintiff's predecessor had given the defendant prices at which the firm would furnish the different kinds of bottles required by the defendant in its business.

The defendant's letter of December fifth was as follows:

" GENTLEMEN.— The following is about the quantity of glass we will need from January 1st, 1893, to January 1st, 1894. If we should not use this number in the given time, we will order from you until the quantity is exhausted, and if we should need any more we trust you will be able to fill our orders." The number and size of the bottles were then given as stated in the following letter. To this letter the plaintiff's predecessor replied : " We are in receipt

of your esteemed favor of the 5th instant, and enter your order for 750 gross quart inks, 700 gross pint inks, 500 gross one-half pint inks, 500 gross 4 oz. inks, 500 gross 3 oz. inks, 1,500 gross 2 oz. inks, 500 gross one and one-half oz. inks, 500 gross 1 oz. inks, to be delivered to you as you may need them between January 1st, 1893, and January 1st, 1894. We do not think there will be any difficulty whatever in keeping you supplied at all times and of giving you even more than you have asked for if you will give us any reasonable opportunity to make ready for you." The referee held that the letter of the plaintiff's predecessor was not such an acceptance of the propositions contained in the letter of the defendant as to constitute a contract. The correctness of that holding is challenged by the appellant.

It seems to be well settled that if one party makes to another an offer by letter and the offer is of a character which implies nothing to be done by the latter except to assent or decline, and he by letter accepts, adding no qualification, condition or reservation, there is a mutual consent, and a contract is created by such letters. But, even where there is an acceptance, if it is not of the exact thing offered, or if it is accompanied by any conditions or reservations, however slight, then no contract is made, and the proposition to accept with such modifications is a rejection of the offer. (Bishop on Cont. §§ 176, 179 ; 1 Pars. on Cont. 477 ; *Myers* v. *Smith*, 48 Barb. 614 ; *Brown* v. *The New York Central R. R. Co.*, 44 N. Y. 79 ; *Nundy* v. *Matthews*, 34 Hun. 74 ; *Myers* v. *Trescott*, 59 id. 395 ; *Barrow Steamship Co.* v. *Mexican Central R. R. Co.*, 134 N. Y. 15 ; *Marschall* v. *Eisen Vineyard Co.*, 28 N. Y. Supp. 62.)

We are disposed to agree with the learned referee in his conclusion that this correspondence was insufficient to establish a contract between the parties. It is not entirely clear that the letter of the defendant can be treated as an order to the plaintiff's predecessor for the quantity of glass mentioned in it. It commenced by stating about the quantity the defendant would need, and if it should not use that quantity between the times mentioned, it would order of the plaintiff until the quantity was exhausted, and then it is added that if it should need more, it trusted that the plaintiff would be able to fill the order. To this letter the plaintiff answered,

acknowledging the receipt of it, stating that they had entered its order which was for the goods mentioned, to be delivered as "you may need them between January 1st, 1893, and January 1st, 1894," and then stated that it did not think there would be any difficulty in keeping the defendant supplied at all times, and of giving it more than it asked for, if it would give them a reasonable opportunity to make ready for it. We do not think this letter can be held to have been an unconditional acceptance of the defendant's order without qualification or reservation, so as to make a contract under the authorities cited. Indeed, it is doubtful if it can be regarded as a positive acceptance of the offer made. While it was stated that they had entered the order in the language contained in the plaintiff's letter, as to the time of delivery, they do not in terms agree to deliver in accordance with such statement, but simply write that they have entered the order, and then add that they do not think there will be any difficulty in keeping the defendant supplied, thus conveying the idea quite clearly that they did not intend to absolutely undertake to deliver the bottles as they should be needed by the defendant between the times mentioned, but thought they would have no difficulty in doing so, and when they add in effect that they must be given a reasonable opportunity to get ready for the defendant, a condition is interposed which is neither contained nor suggested in the letter of the defendant. We think these qualifying words are such as to bring this case within the doctrine of the authorities cited.

When all the correspondence is examined it will be seen that an intention was expressed by both parties that there should be a formal written contract between them. If such was their intent, then this correspondence was simply preliminary, and cannot be regarded as an absolute or final contract. (*Commercial Telegram Co.* v. *Smith*, 15 N. Y. St. Repr. 19.)

After the letters were written which the defendant claims constituted the contract, and after the plaintiff had furnished a portion of the goods, the defendant complained because they were not furnished more promptly and in larger quantities. The reason for this delay was explained by the plaintiff in various ways. Finally, on March sixteenth, after having several times stated to the plaintiff that unless it furnished goods more promptly the defendant would

have to countermand the balance of its order, it wrote : " We, therefore, countermand our orders, and request you to ship via freight to the above address, all our moulds." On the eighteenth of the same month it again wrote to the plaintiff : " As yet we have heard nothing from you in reply to our letter of the 16th instant. We must now demand the return of our moulds, and we again countermand our orders. Ship what stock you have made up, and when your bills are due they will be promptly paid." The plaintiff's testimony was to the effect that it was willing to fill the orders of the defendant if it had had an opportunity, and that in returning the moulds, accepting the countermand of the defendant's order and shipping the stock on hand as directed by the defendant in its letter of March eighteenth, it relied upon the statements contained in the defendant's letter countermanding or rescinding such order, and upon its promise that upon the shipment of the stock it had made up, the plaintiff's bills would be promptly paid when they became due. Thus it would seem from the evidence that on March eighteenth the defendant countermanded its order to the plaintiff, and thus broke the contract upon its part, but expressly stated to the plaintiff that it should ship what stock it had made up, and that the defendant would pay for it promptly as the bills became due. This statement the plaintiff acted upon and returned the defendant's moulds, and shipped the stock it had made up.

The evidence, we think, shows an agreement upon the part of the defendant which was accepted and acted upon by the plaintiff to the effect that the contract, so far as it was not performed was to be rescinded, with an express provision or reservation that the plaintiff should have pay for its goods shipped and to be shipped. Under these circumstances the defendant was not, we think, entitled to recover the damages claimed in this action. In other words, the defendant could not recall its order and recover of the plaintiff for the breach of a contract which had been rescinded by it except as to the right of the plaintiff to compensation for its goods already manufactured. (*Hadden* v. *Dimick*, 13 Abb. [N. S.] 136 ; Lawson's Rights, Rem. & Pr. § 2569 and cases cited ; *Martin* v. *New York Life Ins. Co.*, 73 Hun, 496 ; *Cassidy* v. *Aldhous*, 7 Misc. Rep. 543.) The defendant having refused to permit the further performance of the contract by the plaintiff, it was entitled to

recover the value of the goods furnished by it. (*Powers* v. *Hogan*, 6 N. Y. St. Repr. 239.)

Nor is it quite clear, upon the proof before us in this case, that the defendant could in any event recover damages of the plaintiff for the breach of a contract made with its predecessor. (*Hall* v. *Herter Bros.*, 64 N. Y. St. Repr. 378; 83 Hun, 19.)

The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.

