### AMERICAN WOOLEN CO. OF NEW YORK v. MOSKOWITZ et al.

(Supreme Court, Appellate Term, First Department.   March 7, 1913.)

1. CONTRACTS (§ 24*)—ACCEPTANCE—GUARANTY CONTRACTS.

Defendant signed and transmitted a guaranty contract to plaintiff, and on the next day plaintiff wrote to defendant stating that he was inclosing a form of guaranty "which kindly sign * * * and return to us"; the form inclosed being very much longer than the original guaranty signed by defendant, and containing additional provisions. But defendant did not execute the guaranty inclosed, as requested. *Held*, that there was no meeting of the minds of the parties upon a guaranty con-

tract;. neither defendant's offer nor plaintiff's counterclaim proposition having been accepted.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 100–103; Dec. Dig. § 24.*]

2. GUARANTY (§ 25*)—ACTIONS—ADMISSION OF EVIDENCE.

In an action involving whether a guaranty contract signed by defendant was accepted by plaintiff, a guaranty instrument different from that signed by defendant, which was inclosed in a letter written by plaintiff to defendant with a request that defendant sign it in lieu of the other, was admissible in evidence.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 102–104; Dec. Dig. § 25.*]

Appeal from City Court of New York, Trial Term.

Action by the American Woolen Company of New York against Harry Moskowitz and another. From a judgment for plaintiff and an order denying defendants' motion for a new trial, defendants appeal. Reversed, and judgment directed for defendants.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Abraham Goldfarb, of New York City (Maxwell C. Katz, of New York City, of counsel), for appellants.

Hays, Hershfield & Wolf, of New York City (Daniel P. Hays, of New York City, of counsel), for respondent.

BIJUR, J. The question presented by this appeal is whether a guaranty, signed by defendant, plaintiff's Exhibit A, dated March 4, 1907, and on that day transmitted to plaintiff, was accepted by it, or whether it was impliedly rejected by plaintiff's act in forwarding on the following day to defendants a letter reading, "We are inclosing a form of guaranty which kindly sign and witness by a notary and return to us." The form inclosed was rather elaborate, being some 20 or 30 times longer than the original guaranty and contained additional provisions. Defendants did not execute this paper. Plaintiff's credit man testified:

"I had already received this paper marked Exhibit A before I sent the letter marked Exhibit I. We received this guaranty of March 4th and then, as we preferred to have the other, we simply sent that other on."

At the close of the case, both sides moved for the direction, and the learned court thereupon directed a verdict for the plaintiff.

[1] On familiar principles it seems to me to be clear that the minds of the parties have never met. Defendants' offer of a guaranty was not accepted, but a counter proposition made, which in turn was not accepted by defendants. See Sidney Glass Works v. Barnes, 86 Hun, 374, 33 N. Y. Supp. 508; Kamber v. Rosen (Sup.) 98 N. Y. Supp. 839; Nundy v. Matthews, 34 Hun, 74.

[2] I think, also, that the learned trial judge erred in not admitting into evidence the form of guaranty inclosed in plaintiff's letter, Exhibit I: First, because it was part of the letter itself, by reference; and next, because its contents were necessary to enable a determina-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the significance of plaintiff's act in writing Exhibit I. Since, however, it was marked for identification, and was contained in the record, we have considered the merits of the controversy as presented by that instrument in connection with the other evidence.

This case presents a situation where judgment absolute should be given for defendants.

Judgment reversed, with costs, and judgment directed for the defendants, with costs. All concur.