THE E. RICHARD MEINIG COMPANY, Respondent, *v.* UNITED STATES FASTENER COMPANY, Appellant.

First Department, March 17, 1922.

Sales — contract for sale of goods to be ordered in installments within reasonable time — contract cannot be terminated by seller on ground of lapse of time without giving buyer opportunity to take balance — order accepted on condition that goods be taken within reasonable time — letter by buyer recognizing contract as accepted and ordering out part of goods constitutes acquiescence in condition — contract not indefinite or unilateral — prior dealings controlling to determine what constitutes reasonable time.

A contract for the sale of goods to be ordered in installments upon the condition that the goods will all be ordered within a reasonable time cannot be terminated by the seller on the ground of lapse of time without affording the buyer an opportunity to take the balance of the goods.

The plaintiff placed an order for goods with the defendant by which it was provided that the goods were to be delivered in such installments as the plaintiff might elect from time to time but did not limit the duration of the contract. The defendant accepted the contract as follows: "With the understanding that the above named goods are to be taken within a reasonable time from date hereof." The plaintiff did not reject defendant's conditional acceptance but some time thereafter placed an order for an installment of goods and specifically stated that the order was to apply on the contract in question.

*Held,* that if the plaintiff's acquiescence in the acceptance was necessary to render the contract valid and enforcible under the statutes, its letter, containing an order for an installment, should be construed as constituting such acquiescence, notwithstanding the fact that it is not so phrased as to indicate that the plaintiff understood that a formal acceptance in writing of the conditional acceptance by the defendant was necessary, and if the plaintiff was not bound before that time within the statutes, it thereby became obligated not only to take that part of the goods particularly specified in the letter, but all of the goods covered by the contract.

A contract by a manufacturer to take a specified quantity of definitely described goods at a stated price in monthly installments as required by his business, but in any event the entire quantity to be taken within a reasonable time, is neither void for indefiniteness nor unenforcible as being uniateral.

There is no merit in the defendant's contention to the effect that, since the plaintiff alleges that it was understood that what should constitute a reasonable time was to be determined from the prior dealings between the parties, therefore, the contract is void because the entire agreement is not in writing, for in the circumstances, the prior dealings would be a controlling factor in determining what would be a reasonable time.

APPEAL by the defendant, United States Fastener Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of June, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

This is an action by a buyer against the seller for damages for the breach of a contract for the sale and delivery of 300,000 gross self-piercing glove clasps. The plaintiff, a Pennsylvania corporation, was a large manufacturer of women's gloves and had its plant and an office at Reading, Penn.; and defendant, a Maine corporation, was a large manufacturer of glove clasps, having its plant near Boston, Mass., and an office in New York, N. Y. Plaintiff alleged the sale and delivery and payment for 132,494 gross of the clasps, and that the defendant failed and refused to deliver the balance covered by the contract, and claimed damages in the sum of $175,000, and interest. Defendant denied the making of the contract as alleged, but admitted that during the years 1913, 1914 and 1915 it received and filled certain orders under the contract alleged in the complaint, and was paid therefor, and pleaded the Statute of Frauds, and, as a separate defense and counterclaim, pleaded the making of the contract, as claimed by plaintiff, by setting forth in full the order and acceptance, and that plaintiff failed to take the goods within the time fixed thereby, and that thereafter in consideration of defendant's waiver of that breach, a new contract was substituted therefor by which the plaintiff agreed to pay the defendant's regular price at that time for the balance of the order, and demanded a balance alleged to be due and owing under the substituted contract, and also pleaded as a fifth separate and distinct defense and as a counterclaim an indebtedness in the same amount as claimed in the other counterclaim for goods sold and delivered, which, with interest at the time of the trial, amounted to the sum of $27,224.70. That counterclaim was admitted. The defendant rested without offering any evidence, and the court denied its motion to dismiss the complaint and submitted the determination with respect to damages to the jury with instructions to deduct the counterclaim from the plaintiff's damages. The jury rendered a verdict in favor of the plaintiff for $46,562.80, which included $7,463.80 for interest.

The contract consists of an order in writing signed by the plaintiff and addressed to the defendant under date of August 14, 1912, and an acceptance thereof indorsed thereon by the defendant. Appellant contends that the contract is void and unenforcible for the reason that it was not unconditionally accepted, that it

First Department, March, 1922.    [Vol. 200

was void for not being in writing, under the Statute of Frauds and because not to be performed within one year, and that it was void for indefiniteness and lack of mutuality. The order and the acceptance thereof are as follows:

" The E. Richard Meinig Co.,
" Manufacturers of Silk Gloves,
" McKnight and Oley Streets,
" Reading, Pa.

" *Aug.* 14, 1912.
" Received *Aug.* 17, 1912.   Ans'd.
" The United States Fastener Co.,
      " 95 Milk St., Boston, Mass.:

" Gentlemen.— Please enter our order for Three hundred thousand (300,000) Gross #2,302,352 or 402 self-piercing clasps, to be delivered in such installments as we may elect from time to time, which must equal Ten thousand (10,000) Gross monthly if we so require, from Jan. 1st, 1913, at the price of .40c per gross.

" Terms 2% 10 days from first of month following purchase. We agree to furnish all material for covering without cost.

" It is further agreed that in case a reduction in price is made on these goods at any time during the period of this contract, that we are to receive the benefit of said reduction, as long as said reduction prevails.

" It is also agreed that in case you should devise any new method of attaching clasps or any new style of fasteners, during the term of this contract, that same are to be submitted to us immediately.

" We further reserve the option of taking an additional Fifty thousand (50,000) gross of clasps, at the price and on the terms and conditions hereto mentioned.

" Yours very truly,
" THE E. RICHARD MEINIG CO.
" E. Richard Meinig.

" Accepted:                         " [seal].
" With the understanding that the above named goods are to be taken within a reasonable time from date hereof.

" UNITED STATES FASTENER CO.,
" By W. B. H. Dowes
" *President.*"

The contract was negotiated at Reading, Penn., by the defendant's New York agent. He testified that he was in Reading and either brought the order with him or it was mailed to the defendant at

New York, and that he stamped on it the date it was brought to or rece'ved at the New York office, and that he then sent it to Boston where the acceptance was indorsed thereon by Mr. Dowse, the president of the defendant, in his own handwriting and it was returned to him, and he thereupon returned it by mail to the plaintiff inclosed with a letter dated August 23, 1912, as follows: " I enclose herewith contract for clasps duly accepted by our President, Mr. W. B. H. Dowse. I would call your attention to the additions which Mr. Dowse has made to same, which I trust wil be satisfactory to you." Plaintiff made no reply to that letter and made no objection then or at any time to the form of acceptance of the order. It appears that without further negotiations between the parties, plaintiff, commencing with January 22, 1913, gave defendant orders to ship specified numbers of gross of clasps in varying amounts each month until the 26th of January, 1916, and that the orders were filled by the defendant by the delivery of clasps of identically the description of those contained in the contract, and the clasps were paid for by the plaintiff according to the contract price. The first of the orders was as follows:

" THE E. RICHARD MEINIG Co.,
      " Reading, Pa.
                           " No. 199
                  " READING, PA., *Jan.* 22, 1913.
" Order placed with United States Fastener Co.
" Goods to be shipped in March, 1913, via Freight
" Terms: 2/10 days from 1st of month

|            |            | 340 |     |     |      |       |
| ---------- | ---------- | --- | --- | --- | ---- | ----- |
| 800 Gross  | 302 Black  | 210 |     |     |      |       |
| 1500 Gross | 302 White  | 255 | 730 | 480 | 3240 | Recd. |
|            |            | 755 | 500 | 520 |      |       |
| 700 Gross  | 352 Black  | 45  | 265 |     | 1080 | Recd. |
|            |            | 335 | 435 |     |      |       |
| 500 Gross  | 352 White  | 495 |     |     |      | Comp. |
|            |            | 5   |     |     |      |       |
|            |            | at  |     |     |      | 40c   |

" Above to apply against Contract of 8/14/12
      " (Marked)   COMP
                  " THE E. RICHARD MEINIG CO.
                           " Per F."

The order blank in regular use by plaintiff was used and one of its officers wrote in the sentence " Above to apply against Contract of 8/14/12." So far as is shown by the record only one of the other orders contained any express reference to the

First Department, March, 1922.    [Vol. 200

contract. It was dated October 6, 1914, and after stating the quantities and colors ordered, it contained the following " Specifications against our contract." It appears that the plaintiff used its regular order blank and that for the most part the orders were as follows:

" THE E. RICHARD MEINIG Co.
    " Reading, Pa.
        " No. 866
            " READING, PA. 5 /26 /15.
" Order placed with United States Fastener Co.
" Goods to be shipped at once, Rush via P. & R.
" Terms:
        " 1000 Gross 352 Black Clasps "

That order was acknowledged by mail by the defendant as follows:

" We acknowledge herewith receipt of your order # 866 of the 26th inst., which will receive our prompt and careful attention.
    " Thanking you for your continued patronage, we remain."

All of the acknowledgments were in this form. The clasps so ordered, delivered and paid for aggregated 134,197 7 /12 gross. Further evidence that these orders were recognized by both parties as having been given under the contract in question is contained in a letter from the defendant to the plaintiff dated February 26, 1913. The plaintiff had been purchasing of defendant since 1905. That letter explains that the original contract between the parties under date of February 14, 1910, had been completed in January, 1913, and states that, therefore, " beginning February 1, 1913, you will commence on your contract dated August 14, 1912." The letter closed as follows: " We are herewith enclosing a statement showing the bills which we have shipped since February 1, 1913, and which are against the new contract, according to our books."

For the period of three years prior to February 1, 1913, plaintiff was receiving glove clasps from defendant under the former contract which was for 150,000 gross and contained like terms, and took from defendant all it used during that period. The average number of gross delivered to it by the defendant during that period was from 3,500 to 4,000 per month. It appears that the plaintiff was ready to receive and desirous of receiving throughout the period more glove clasps under the contract in question than the defendant delivered, and the defendant from time to time offered excuses for its failure to make deliveries to the extent desired by the plaintiff. The defendant never questioned the validity of the contract or made any complaint that the plaintiff had not called for deliveries in sufficient quantities until the 26th of January, 1916, when. it wrote the plaintiff as follows:

"BOSTON, MASS., *Jan.* 26, 1916.

"E. RICHARD MEINIG CO.,
                              "Reading, Pa.

"GENTLEMEN.— We have before us your letter of Aug. 14th, 1912, wherein you placed an order for 300,000 gross of fasteners. As you may remember, we did not care to take this order, and at first refused to do so; finally we accepted it with the understanding that you would take these goods within a reasonable time. We feel that the time has now expired wherein you should have taken the goods; in other words, that you have had a reasonable time to have taken all the goods under the order mentioned, and we stood ready to so deliver them.

"We have now on our books orders from you amounting to about 12,000 gross of fasteners. These orders we will deliver to you at a price of 40c per gross.

                    "Yours truly,
              "UNITED STATES FASTENER COMPANY
                    "per W. B. H. DOWSE."

Plaintiff thereupon sent its sales agent to see defendant's president, who insisted that the contract was canceled and that defendant would make no further deliveries, other than those referred to in said letter. Plaintiff's sales agent thereupon, in its behalf, offered to accept delivery of the entire balance of the order at once or at such times or in such quantities as the defendant might prefer; but the defendant's president declined to make any further deliveries under the contract and said that the price was then eighty-five cents per gross, and that defendant would furnish the clasps at that price, and insisted, as stated in the letter, that plaintiff had not timely called for the goods. Defendant delivered only 1,029 gross after its letter of January 26, 1916, at the contract rate, and in order to obtain clasps to keep its plant going, plaintiff was obliged to yield to defendant's demand and to buy from it and from others at the then advanced market prices. The counterclaim was for a balance owing for goods so furnished.

*Trowbridge & Fox* [*Alan Fox* of counsel; *Isaac B. Halpern* with him on the brief], for the appellant.

*Merrill, Rogers & Terry* [*Charles Thaddeus Terry* of counsel; *Forrest M. Anderson* with him on the brief] for the respondent.

LAUGHLIN, J.:

Counsel for the appellant contends that the acceptance of the order by his client modified the plaintiff's proposed order by substituting for the plaintiff's unlimited discretion with respect

to the minimum number of gross to be ordered each month to answer its requirements, which he claims might have continued the contract indefinitely, a requirement that the goods should be called for in such quantities that all of them would be taken within a reasonable time regardless of plaintiff's requirements, and, therefore, constituted a rejection thereof and a counter offer requiring acceptance in writing by plaintiff to make a binding contract (Pers. Prop. Law, § 31; Id. § 85, as added by Laws of 1911, chap. 571) which is the well-settled rule, if the premises are well founded. (See *Mahar* v. *Compton*, 18 App. Div. 536; *Sidney Glass Works* v. *Barnes & Co.*, 86 Hun, 374.) As I view the case, it is unnecessary to decide whether the order and acceptance constituted a valid contract in writing on the theory that the rule of law with respect to reasonable time of performance would be implied in plaintiff's order (See *Pope* v. *Terre Haute Car & Mfg. Co.*, 107 N. Y. 61; *Spiritusfabriek Astra* v. *Sugar Products Co.*, 176 App. Div. 829; *Eppens, Smith & Wiemann Co.* v. *Littlejohn*, 27 id. 22; affd., 164 N. Y. 187; Pers. Prop. Law, § 124, subd. 2, as added by Laws of 1911, chap. 571), and that, therefore, the acceptance did not modify the order, or whether the provisions of section 85 of the Personal Property Law exclusively govern, or those of section 31 of the Personal Property Law, with respect to requiring a contract not to be performed within one year to be in writing, are also applicable. We have here other facts which I deem decisive of the appeal. The only contract made by defendant was by the acceptance, no part of which could be eliminated without its consent, and it gave no such consent. Both parties assumed that a valid contract, evidenced by the order and acceptance, had been made and when their contract, theretofore made, was fully performed in January, 1913, which evidently was about the time they anticipated it would be, for this contract was for glove clasps to be furnished after January 1, 1913, they proceeded to execute this contract and so continued without either party questioning its validity until the market price of the glove clasps was double the contract price, and then the defendant, by the letter of January 26, 1916, assumed, not to declare it void, but to declare it terminated on the theory, not supported by any evidence, that the plaintiff had not called for all the glove clasps within a reasonable time. Plainly, if there was a binding contract, as the defendant then recognized, it could not thus terminate it without affording the buyer an opportunity to take the balance of the goods. (*Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 249.) The learned counsel for the appellant ingenuously contends that such recognition and part performance of the contract cannot avail the plaintiff, for the

reason that unless defendant's acceptance is construed as an unconditional acceptance of the order, then there is no note or memorandum in writing of the contract signed by the party to be charged thereby or by his agent as required by section 85 of the Personal Property Law (as added by Laws of 1911, chap. 571), and it is not in writing, as is requred where the contract is not to be performed within one year (Pers. Prop. Law, § 31), and, therefore, the contract in so far as it has not been performed is void; and that if the defendant's acceptance should be construed as an unqualified acceptance, the contract would be void for indefiniteness and unenforcible because unilateral. But that is not the case as presented by this record and, therefore, we express no opinion with respect to those contentions. The plaintiff did not assume to reject the defendant's acceptance, nor did it assume to construe it as an unconditional acceptance, or to call upon defendant for an agreement with respect to the construction thereof; and it is immaterial whether plaintiff deemed it an unconditional acceptance or a modification of its offer. The plaintiff deemed the acceptance satisfactory and acquiesced therein, and both parties understood that the order as accepted closed the contract. If the acceptance constituted a modification of the order, or a counter proposal, and defendant before receiving a written acceptance of the modification or counter proposal had withdrawn the same, and plaintiff had then attempted to hold defendant, we would have presented for decision the question as to whether it was sufficient that the writing was signed by the defendant and that plaintiff's acquiescence could rest in parol and make a binding contract (See *Marks* v. *Cowdin*, 226 N. Y. 138; *Grossman* v. *Schenker*, 206 id. 466; *Schlegel Mfg. Co.* v. *Cooper's Glue Factory*, 231 id. 459), but the controversy between the plaintiff and defendant did not arise at that juncture. The defendant did not withdraw its acceptance on the arrival of the period when the new contract was to become operative. The plaintiff on January 22, 1913, by letter signed by it, made a requisition for glove clasps to be delivered under this contract which was expressly identified by specifying its date. Since deliveries under the former like contract continued down to about that date, as evidently was anticipated, that appears to have been then deemed by defendant timely notice of plaintiff's acquiescence in the condition of its acceptance for it made only a formal acknowledgment of the receipt of the order which it filled. Shortly thereafter the defendant by its letter of February 26, 1913, likewise expressly recognized the contract and without questioning its validity or binding effect proceeded to make deliveries

34

thereunder and during a period of more than three years delivered and received pay for nearly one-half the quantity covered by the contract. It is argued in behalf of the appellant that the reference to the contract in plaintiff's first order was merely intended as a specification of part of the goods to be taken under the contract and was a recognition thereof only *pro tanto*. The authorities cited from our own jurisdiction in support of that contention relate to contracts which were deemed void and unenforcible for indefiniteness or lack of mutuality or as unaccepted offers or options (*Chicago & G. E. R. Co.* v. *Dane,* 43 N. Y. 240; *Sidney Glass Works* v. *Barnes & Co.,* 86 Hun, 374; *Rafolovitz* v. *American Tobacco Co.,* 73 id. 87; *Auto Spring Repairer Co.* v. *Mutual Auto Accessories Co.,* 72 Misc. Rep. 402), and of course, in such case, a specification as to part of that which was void for indefiniteness would not validate the indefinite provisions as to the unexecuted part of the contract. I think the plaintiff's letter should not receive such a narrow construction, and that, if written and signed acquiescence by plaintiff in defendant's acceptance of the order were required to validate the contract as against the plea of the statutes, the plaintiff's letter, expressly recognizing the contract as it then existed, consisting of the order and the acceptance, should be deemed sufficient, and that the plaintiff, if not bound before within the statutes, thereby became obligated not only to take that part of the goods particularly specified in the letter but all of the glove clasps covered by the contract. The plaintiff having written that letter could not be heard to say it only meant to acquiesce in defendant's acceptance to the extent of the goods thereby ordered, for it thus plainly recognized by its signed letter that the order and acceptance constituted a contract then existing between the parties and in part performance of which defendant was requested to deliver goods; and, therefore, if plaintiff's acquiescence in the acceptance was necessary to render the contract valid and enforcible under the statutes, its letter should be construed as constituting such acquiescence notwithstanding the fact that it is not so phrased as to indicate that the plaintiff understood that a formal acceptance in writing of the conditional acceptance by defendant was necessary. Any other construction would be tantamount to holding that without negotiating a new contract, both parties, in effect, impliedly agreed that, although the contract was not binding upon either of them, they would proceed thereunder so long as it was mutually satisfactory to them to do so but no longer. It is perfectly plain that neither party so understood or intended; and, moreover, that theory is wholly inconsistent with the plaintiff's letter, which plainly recognized and intended that the contract was valid in

its entirety. It should require no extended argument to show that a contract by a manufacturer to take a specified quantity of definitely described goods at a stated price in monthly installments as required by his business, but in any event the entire quantity to be taken within a reasonable time — especially when, as here, the buyer had been receiving like goods from the seller under a similar contract under which it had received from the seller all like goods used by it for a period of three years and the parties had maintained business relations for five years before that — is neither void for indefiniteness nor unenforcible as being unilateral. (See *Edison Electric Ill. Co.* v. *Thacher*, 229 N. Y. 172; *Secor* v. *Ardsley Ice Co.*, 133 App. Div. 136; affd., 201 N. Y. 603. See, also, *Schlegel Mfg. Co.* v. *Cooper's Glue Factory, supra.*) There is no merit in a further contention made by appellant to the effect that, since the plaintiff alleges, although the allegation was denied and not proven and, therefore, is of no importance, that it was understood that what would constitute a reasonable time was to be determined from the prior dealings between the parties, therefore the contract is void because the entire agreement is not in writing. The authorities relied on by the appellant in support of that contention are not in point, for here the material provisions of the agreement, even if it was agreed as so alleged, are in writing for there is no inconsistency between the rule of law applicable to the writing and the alleged parol agreement (See *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Mentz* v. *Newwitter*, 122 id. 491), because in the circumstances, the prior dealings between the parties would be a controlling factor in determining what would be a reasonable time.

It follows that the judgment and order should be affirmed, with costs.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Judgment and order affirmed, with costs.