GLICKSTEIN & TERNER, INC., Respondent, *v.* SHEFFIELD GLASS BOTTLE COMPANY, Appellant.

Second Department, November 13, 1925.

**Attachment — vacating — papers show cause of action — affidavits show damages — motion denied — sales — acceptance — doubt expressed by defendant as to ability to deliver on time does not qualify acceptance.**

A motion to vacate an attachment on the ground that the papers did not show the existence of a cause of action and did not show damages suffered by the plaintiff was properly denied by the court below, since it appears that the papers clearly establish a cause of action in favor of the plaintiff, and an affidavit by a person connected with the plaintiff's business, in which he swears to qualifications showing his ability to estimate the damage, states the amount of damage suffered by the plaintiff.

The fact that the defendant, in accepting an order from the plaintiff, expressed a slight doubt as to its ability to deliver the goods on the exact date specified in the order does not qualify the acceptance.

APPEAL by the defendant, Sheffield Glass Bottle Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of August, 1925, denying defendant's motion to vacate a warrant of attachment in the action.

*Julian C. Harrison* [*William E. Reinhardt* with him on the brief], for the appellant.

*Gustave Morris,* for the respondent.

Order denying motion to vacate warrant of attachment affirmed, with ten dollars costs and disbursements, on opinion of Mr. Justice CARSWELL at Special Term.

KELLY, P. J., RICH, JAYCOX and YOUNG, JJ., concur; KAPPER, J., absent and not voting.

The following is the opinion of the court below:

CARSWELL, J.:

The first ground advanced for vacating the attachment herein is that there is an insufficient showing of the evidentiary basis for the claimed contract. Assuming this was good when advanced against the original papers, it is completely met by the supplemental affidavit submitted. The papers as they now stand reach a standard on this point beyond that required by the cases, particularly *Finchley, Inc.,* v. *Cooper & Co., Ltd.* (198 App. Div. 369). The second ground advanced for the vacating of the attachment is that the alleged damages are insufficiently shown. The affidavit

of Glickstein shows that he has been in the buying and selling of bottles for over twelve years, and it must be inferred from that that when he assumes to state the market value as of a given date he is qualified to do so. The facts upon which he bases his statement of market value and the evidentiary basis of computation are furnished. This meets the standard of *Kahn* v. *Hollander, No. 1* (140 App. Div. 492) and *California Packing Corp.* v. *Kelly S. & D. Co.* (228 N. Y. 49). Motion denied.

Upon reargument the following opinion was rendered:

CARSWELL, J.:

Motion by defendant for reargument. The defendant urges a point which it did not argue on the original hearing herein. It is that the two letters relied upon by the plaintiff do not constitute a contract. It cites cases which it insists sustain its view. I have examined them carefully. The language in the letters we are concerned with herein goes far beyond the language in the letters involved in the cases which defendant cites. In the defendant's letter of April 5, 1920, there is no language that can be construed as indicating an intention on the part of the defendant to investigate the plaintiff or decide upon a course with respect to whether the order will or will not be accepted, such as is contained in some of the cases defendant relies upon. The language of acknowledgment in the April fifth letter, in its unqualified form, is language of acceptance. The only possible element of doubt (if it is to be construed to be such) contained in the April fifth letter relates not to the acceptance of the order for the quantity set out by the plaintiff in its letter of March 25, 1920, but relates to whether or not defendant will be able to make the shipments on the dates specified. The mild doubt (if it be deemed one) expressed by the defendant on this point would not affect the acceptance. The failure to make the deliveries on precisely the dates fixed by the plaintiff could be waived. Moreover, ambiguity, if any, in the correspondence, or the practical construction placed upon the correspondence by the parties, can only be determined upon the trial, in the light of the evidence that may be pertinent to either of these two phases. (*Meinig Co.* v. *U. S. Fastener Co.*, 200 App. Div. 522.) The plaintiff may well have been satisfied to have the defendant's unqualified acceptance of its order with respect to the total quantity, even though there was an undisclosed doubt (in plaintiff's, not defendant's, mind) which survived defendant's assurance that it would make good on the shipment dates with respect to just when deliveries would be had. In the cases defendant relies on the question was disposed of on a trial. (*Van Keuren*

v. *Boomer & Boschert Press Co.,* 143 App. Div. 785; *National Cash Register Co.* v. *McCann,* 80 Misc. 165; *Mahar* v. *Compton,* 18 App. Div. 536; *Barrow Steamship Co.* v. *Mexican C. R. Co.,* 134 N. Y. 15; *Sidney Glass Works* v. *Barnes & Co.,* 86 Hun, 374.) It may be that the question herein can be disposed of with finality only on the trial, when the plaintiff may have the benefit (if it is entitled to it or needs it) of the conduct of the parties in correspondence or acts to which reference is made in the papers herein. For the purposes of a motion such as this, to vacate an attachment as distinguished from a motion to dismiss at a trial, the showing herein as to the contract basis for the attachment is sufficient. Motion denied.