**GALLAGHER et al. v. O'BRIEN et al.**

**No. 11065.**

Court of Civil Appeals of Texas. San Antonio.

Dec. 10, 1941.

Rehearing Dismissed Feb. 4, 1942.

W. E. Pope and Jack Pope, both of Corpus Christi, for appellants.

Boone, Henderson, Boone & Davis and Sidney P. Chandler, all of Corpus Christi, Karl Strieber, of San Antonio, and Perkins & Floyd and Frank T. Morrill, all of Alice, for appellees.

NORVELL, Justice.

This case involves the construction of the last will and testament of Theresa M. Gallagher, who died on the 14th day of October, 1936, leaving eleven living children who were legatees and devisees under her will. The suit was instituted in the District Court of Jim Wells County, as a partition suit among the named residuary devisees of the will. The executors of the estate of Mrs. Gallagher, who were also made parties, impleaded Joe H. and John J. Gallagher, sons of the deceased. The controversy is one between these two sons, on one hand, and the nine other children of Theresa M. Gallagher, who were the named residuary devisees, on the other hand.

Trial was to the court without the intervention of a jury. Findings of fact and conclusions of law were filed, and judgment entered in favor of the named residuary devisees ordering a partition of the remaining assets of the estate, consisting of lands in Jim Wells County, among said devisees. Joe H. and John J. Gallagher bring the case here.

The will here involved was executed by the testatrix on March 13, 1935, and admitted to probate by the County Court of Nueces County on November 13, 1936. The will directed that all just debts of the testatrix be paid and contained various bequests and devises to the children of the deceased, as well as the devise of certain real property to Beatrice Carson, a servant of the testatrix.

■ The devise to Joe H. and John J. Gallagher reads as follows:

"I give, devise and bequeath jointly and in equal parts absolutely and forever in fee simple to my two sons, John J. Gallagher and Joe H. Gallagher, lots Nos. Nine (9) and Ten (10) of Block Twelve (12) of the Beach Portion of the City of Corpus Christi, Nueces County, Texas, and also an undivided one hundred acre interest each in that certain tract of 1449.9 acres of land out of the Casa Blanca Grant, which is covered by a Gulf Production Company lease, and is also covered by a lien in favor of one William Boon. I hereby cancel and release all notes and debts of every kind due and owing to me by my said son, John J. Gallagher, at the time of my death, and I likewise cancel and release all unsecured notes and debts due and owing to me by my son Joe H. Gallagher, at the time of my death, but I feel that my said son Joe should be required to pay, and I direct that my executors hereinafter appointed require him to pay, all indebtedness owing to me which represent purchase money for lands purchased by him.

"There have been large advancements made to my said sons John J. Gallagher and Joe H. Gallagher both by their father and me, and in view of such advancements amounting to more than seventy five thousand dollars in the case of John, and to at least Thirty-five thousand dollars in money in the case of Joe, as well as other advancements in property, I feel that these two sons are not entitled to any additional interest in my estate other than what is hereinabove given, and, therefore, they shall not be permitted to share in the resi-

due of this estate along with the other children hereinafter named."

The residuary clause of the will reads as follows: "All of the rest and residue of my estate, real, personal and mixed, wheresoever situated, remaining after the above and foregoing specific gifts, devises and bequests, I give, devise and bequeath in equal parts to my nine children here named, to-wit: Tom Gallagher, Raymond E. Gallagher, Edward V. Gallagher, Bernard F. Gallagher, Nicholas W. Gallagher, Louis C. Gallagher, Leona Sullivan, Lottie O'Brien and Irene Peters."

It appears that Theresa M. Gallagher had at one time owned Lots Nos. 9 and 10, in Block 12, of the Beach Portion of the City of Corpus Christi, which was however subject to a deed of trust given to secure an indebtedness of $25,000. On the 5th day of February, 1935, the trustee under said deed of trust sold said property at public sale. This sale took place approximately thirty-five days prior to the date of the execution of the will, and the property was not owned by Theresa Gallagher at the time of her death, some twenty months after the trustee's sale.

The trial court held that the devise of said Lots Nos. 9 and 10, in Block 12, of the Beach Portion of Corpus Christi, to Joe H. and John J. Gallagher was a specific devise and not a demonstrative one, which consequently failed as said property was not owned by the testatrix at the time of her death.

The holding of the trial court was clearly correct. To demonstrate this fact it is only necessary to here set out those words employed by the testatrix specifically directing the disposition of the residuary estate, to-wit:

"All of the rest and residue of my estate, real, personal and mixed * * * I give, devise and bequeath in equal parts to my nine children here named, to-wit: Tom Gallagher, Raymond E. Gallagher, Edward V. Gallagher, Bernard F. Gallagher, Nicholas W. Gallagher, Louis C. Gallagher, Leona Sullivan, Lottie O'Brien and Irene Peters," and

" * * * they (Joe H. and John J. Gallagher) *shall not be permitted to share in the residue of this estate along with the other children * * *.*" (Italics ours.)

■ Appellants contend that the devise of the lots lost by foreclosure proceedings was demonstrative in nature; that said

lots had a value of $30,000, which value should be satisfied out of the residuary estate at the expense of the residuary devisees. In answer to this contention it may be pointed out that the will makes no such provision. This construction must therefore rest in implication. In Gay v. City of Fort Worth, Tex.Civ.App., 4 S.W.2d 268, 271, the following is quoted with approval from 28 R.C.L. 209, § 171: "A bequest or devise may be made by mere implication, but to raise such implication it must be necessary to do so in order to carry out a manifest and plain intent of the testator which would fail unless such implication be allowed. Gifts by implication are not favored and cannot rest on conjecture. A gift by implication will not be inferred from mere silence but must be founded on expressions in the will. It has been said that the probability of an intention to make the implied gift must be so strong that an intention contrary to that which is imputed to the testator cannot be supposed to have existed in his mind."

Also, in the Gay case appears a quotation from McCown v. Owens, 15 Tex.Civ. App., 346, 40 S.W. 336, opinion by Judge Williams, in which it is said: " * * * We think it is enough to stop speculation by the court that no such intention is expressed. Of course, the intention of the testator must govern, but by this is meant an intention expressed in the will."

To sustain appellants' contention would be, in effect, to make a new will for Theresa Gallagher, for, as we view it, there is nothing contained in the will which would justify us in disregarding or nullifying the express provisions excluding Joe H. and John J. Gallagher from participation in the residue of the estate.

We have considered all of the points raised in appellants' brief and they are overruled. There was no error in the trial court's overruling appellants' plea to the jurisdiction, wherein it was contended that the District Court of Jim Wells County was without jurisdiction in this cause, because appellants, subsequent to the date of the filing of this suit, had filed proceedings in the County Court of Nueces County, seeking to set aside the order of that court admitting the will of Theresa Gallagher to probate, which had been entered almost four years previously.

The contention that Beatrice Carson, the devisee of a specific tract of land, which had been delivered to her, was a necessary party to this suit is not well taken. She has no interest in the residuary estate here involved.

No reversible error is shown with reference to the taxing of costs.

The judgment appealed from is in all things affirmed.