**Edgar J. ENGELKE, Appellant,**

**v.**

**Walter M. SCHULTZE, Appellee.**

No. 12757.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 8, 1954.

Rehearing Denied Jan. 26, 1955.

John P. Pfeiffer, San Antonio, for appellant.

L. M. Bickett, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment construing a letter which both parties concede to be a will. The letter reads as follows:

> "San Antonio, Tex.
> "April 27, 1953
>
> "Dear Walter:
>
> "No need for a will; but since writing makes it more legal; I wish to say that in case of my death, both my half interest in the store and the homestead goes to you. If you will give Edgar the deed to my share of the acres in St. Patricio County, I feel he will be able to get along alright together with our other mutual property. I know you two won't argue. Take care of what you have and live a long life, The Lord willing.
>
> "Love,
> "Emmy Jean Engelke"

It is conceded that Walter was Mrs. Engelke's brother, Walter M. Schultze, and that Edgar was her husband, Edgar J. Engelke. They are the parties to this suit. There is no dispute about the mean-

ing of the first sentence of the will, wherein the testatrix devised the store and homestead, and those two properties were well known to the parties—they were portions of the Schultze estate of which Walter was the executor. The will was construed to pass those items to Walter M. Schultze, the brother.

The construction of the second sentence is the one that the parties disagree upon. They are agreed that the testatrix owned, as her separate property, an undivided one-half interest in 120 acres of land situated in San Patricio County, and that she referred to that property when she wrote about "the acres in St. Patricio County." We are of the opinion that the testatrix in speaking of "our other mutual property" meant the community property of herself and husband, Edgar J. Engelke. They agree that their home on Drexel Avenue in San Antonio was community property. The testatrix also owned, as her separate property, a tract of land consisting of 37.6 acres in Bexar County.

The trial court construed the second sentence of the instrument to give the husband a life estate in "the acres in St. Patricio County," with remainder to the brother; awarded the Drexel Avenue home to the husband as community property, by reason of the statutes of descent and distribution, rather than under the will; and held that the will did not allude to nor include any other property, by reason of which the 37.6-acre tract in Bexar County passed also by the statutes of descent and distribution.

Appellant urges that the trial court erred in failing to award him, under the will, the residue of all property that remained after awarding the brother the store and the Schultze homestead. He urges that under the will he should have been awarded all of his wife's "share of the acres in St. Patricio County," rather than a life estate only, and that he should have received the Drexel Avenue home and the 37.6 acres in Bexar County. He receives the home on Drexel Avenue whether under the will or

by descent, and that matter becomes immaterial to the result.

■ Appellant's first point is that the testatrix is presumed to have intended a testamentary disposition of her entire estate and that she did not intend to die partially intestate. Such a presumption exists as we recently had occasion to reassert in Urban v. Fossati, Tex.Civ.App., 266 S.W.2d 397, but presumptions do not write wills. Courts construe but do not make wills. Maxey v. Queen, Tex.Civ. App., 206 S.W.2d 114; Gallagher v. O'Brien, Tex.Civ.App., 158 S.W.2d 345; Gay v. City of Ft. Worth, Tex.Civ.App., 4 S.W.2d 268. The will has no residuary clause, nor any expression upon which the presumption against partial intestacy may operate. Particularly is this true with reference to the 37.6-acre tract in Bexar County. That tract is separate property of the testatrix, rather than "mutual" or community property. That tract is not mentioned nor included within any of the language of the will. She died intestate as regards that property. The "acres in St. Patricio County" and the Drexel Street home are capable of being brought within the intent of the second sentence. However, in our opinion, the sentence is not testamentary and was not intended as such. However much we should like to make them testamentary, the words of the testatrix are the strongest evidence of what she was thinking and intending.

■ "If you will give Edgar the deed to my share of the acres in St. Patricio County," is the opening of the second sentence. This sentence was addressed to Walter, the brother of the testatrix. Walter had served as independent executor of his mother's estate, and as such had given his sister a partition deed to the 37.6-acre tract in Bexar County. Testatrix may have had the erroneous idea that her brother's deed to her husband, Edgar, covering the San Patricio County property, would vest her undivided interest in her husband. The will did not purport to vest any title in her brother which he could convey by deed.

Thinking that a deed from her brother was essential to vest title in her husband, she wrote the sentence. However, the sentence was only a suggestion.

 Mild and subtle words may actually be directives and commands. Expressions of a "wish", "desire", "confidence", and many others have, in context, been so construed. See Notes 37 L.R.A.,N.S., 646; 49 A.L.R. 10. The opening clause of the sentence is conditional, and at most it was a suggestion. It was optional in nature and gave testatrix' brother an election to do or not to do it. "If", as here used, was a supposition or hypothesis. As such it resulted in no legal consequences until the condition occurred. This is the construction placed on the word in Farmer's State Bank of Mineola v. Mincher, Tex.Civ.App., 267 S.W. 996, 1001. See also, Marschall v. Eisen Vineyard Co., 7 Misc. 674, 28 N.Y.S. 62.

"I feel he will be able to get along alright, together with our other mutual property," is the balance of the sentence. This referred to the community property belonging to testatrix and Edgar. It may indicate that she believed no disposition by will was necessary, but that the mutual property by law would be enjoyed by her husband. If so, it would negative any idea to disturb that situation by will.

 The sentence is uncertain and doubtful, and is precatory throughout. It is an expression of the existing property situation rather than a directive of things to do. The result therefore is that Edgar, the husband, receives the Drexel Avenue home under the statutes of descent and distribution. The wife's separate property, consisting of the undivided 60 acres in San Patricio County and the 37.6-acre tract in Bexar County, would also pass by descent rather than by will.

Appellant asserts that he is entitled to certain reimbursements for enhancements to the wife's separate estate in the 37.6-acre tract in Bexar County, by reason of expenditures and improvements made out of community funds. The trial court did not adjudicate this matter, perhaps for the reason that the case is essentially one to construe the will. Our judgment and opinion are not to be taken as res judicata of the reimbursement issue.

To the extent that the trial court held that the will passed title to appellee to the store and homestead, the judgment is affirmed. To the extent that the trial court held that the second sentence was testamentary at all, the judgment is reversed, and here rendered that, apart from the store and homestead, the testatrix died intestate.

Affirmed in part, reversed and rendered in part.